Martin, J.
The plaintiff claims $450, for three months rent of a house. The defendant contends, he only owes rent for one-half of the house, and for two months and a half only, viz. $187 50 cents, which he has always been ready to pay, and he has often tendered, and he has paid the said sum into the hands of the sheriff for the use of the plaintiff.
There was judgment for the latter, and the defendant appealed.
*95 East'n District.
June, 1821.
The facts, as they appear on the record, are these:—On the 23d of December, 1818, the defendant rented the plaintiff's house for one year, at $150 a month. He immediately divided, and underlet one half of it to Tripp and Procter, for one year, at $75 per month, and in May following, he gave a power to the plaintiff, to collect the rent. It is not urged that any part of the rent is due for the period, of the lease, before the expiration of which, the defendant rented the other half of the house to Passement.
At the expiration of the lease, Passement was in and kept possession of his half of the house, and the defendant of the other half, which had been before underlet to Tripp and Procter. Passement applied to the plaintiff’s wife, who had a general power from her husband, to rent the half which he occupied; and was answered, she could not say, whether the plaintiff would not wish to occupy it himself. The defendant made the like application; received the same answer; was promised the refusal, and told he might have it for one month.
On the 23d of January, 1820, the first month being expired, after the expiration of the writ *96 ten lease, for one year, the plaintilf's clerk went to Passement and the defendant, collected from each of them, one month’s rent of their respective parts of the house, and paid the plaintiff’s wife, who made no inquiry into the manner in which the rent was paid.
After the 23d of February, a second month being due, the clerk went to Passement, and collected from him $75, the month’s rent, for his half of the house, and when he brought it to the plaintiff's wife, she inquired who had paid these $75, and being answered it was Passement, she told the clerk he had done wrong; he had nothing to do with Passement, and the whole rent ought to have been collected from the defendant. She afterwards received from the defendant, his second month's rent, and gave him a receipt therefor.
On the 23d of March, the rent, being due for the third month, was collected and receipted for, from the defendant and Passement separately.
That for April and May was demanded by the same clerk, from the defendant’s wife, at the rate of $150 for the whole house; she refused payment, but tendered it for her husband's half. It was refused.
*97 Before the expiration of the fifth month (May) the defendant gave notice of his intention to quit the house in a fortnight.
On this, the defendant contends, he was indebted, at the inception of the suit, June 5, 1820, for the rent of the two months, which expired on the 23d of May, at the rate of $75 per month only, and for the half month, after the fifteen days notice, which did not expire till the 9th of June.
It is in evidence, that the plaintiff’s wife acts for him, under a general power, even when he is present, and that he is frequently absent. Her acts, therefore, must bind him; and he must also be in the same manner bound by those of his clerk.
Had the defendant and Passement kept possession of the plaintiff’s house, without any act of the plaintiff or of the defendant and Passement, evidencing the parties desire that the lease of the house should be divided the defendant would certainly have been bound, as under the lease for the rent of the whole house.
The wish of Passement to hold, individually, one half of the house, is evidenced by his application to the plaintiff’s wife, to omit this *98 half, by his payment of the rent for the months ending the 23d January, February and March; if he remained in it afterwards, this application and these payments would be evidence on which the rent might afterwards be demanded from him, at the rate at which he had paid it; and he could not, in such a case, meet the landlord’s demand, by shewing a payment to the defendant.
The plaintiff’s assent to each of the occupants holding separately results from the separate receipts given to each occupant, at the expiration of each of the three first months, which followed the expiration of the original lease. The objection of the plaintiffs wife, made to the clerk in February, while it was not made known to the parties, cannot avail the plaintiff and appears to have been abandoned, by his receiving, without saying any thing, the rent paid by the defendant in February, and the clerk giving again separate receipts in March, to each occupant.
It seems to me clear, the rent was divided by the consent of all.
It is in evidence, that the defendant tendered all what he owed, and deposited it with the sheriff, for the use of the plaintiff. *99 I therefore think, that the judgment ought to be reversed, and ours ought to be for the defendant, with costs in both courts.
Hennen for the plaintiff, Pierce for the defendant.
Mathews, J.
Having examined the record in this case, I am fully satisfied with the opinion just pronounced. The only doubt I had relates to the costs; whether the tender and deposit of the money, in the hands of the sheriff, ought to exonerate the defendant from law charges. Our law is peculiarly careful, that defendants should not be vexed by unnecessary costs, as in order to charge them, an amicable demand is required on the part of the plaintiffs. In the present case, the defendant having tendered and deposited with the sheriff, the full amount of the plaintiff's just claim, I think, the former ought to be relieved from costs.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that there be judgment for the defendant, with costs in both courts.