SAMUEL COTT, Executor of Isaac Cott, deceased, Respondent, *v.* THE LEWISTON RAILROAD COMPANY, Appellant.

A railroad company, which, in the construction of its road, necessarily diverts a stream of water from its natural channel, is bound to restore and preserve the stream in its former state of usefulness as nearly as practicable, in respect to the owners of real property on such stream.

To restore such stream to a proprietor burdened with the expense of. preserving it, would not be a compliance with the requirements of the statute in such respect.

APPEAL from judgment of Supreme Court. In 1853, the plaintiff's testator owned a farm in fee, situate in the town of Niagara, across which run a small stream of water, supplying water for stock, etc. The defendant, a railroad corporation, having located its road through said farm, obtained from the testator a conveyance of the necessary land for its construction, and also, the right of constructing its road through the adjoining farm, situate above the plaintiff, owned by Voght. In the construction of defendant's road, it became necessary to make a deep cut in the channel of the stream, which would deprive the plaintiff's testator of the use of the stream by carrying the water into Niagara river, unless an artificial channel was constructed upon the lands of Voght. For this purpose the defendant acquired from Voght the right of constructing a new channel for the stream upon his land, and in the fall of 1854, made the channel, and turned the stream into it, which conducted the water to the testator's farm, in the same manner as before, during the ensuing winter. The new channel was made upon the upper side of the railroad, and parallel with the deep cutting therein through limestone rock, and in the spring of 1855 the water commenced escaping from the new channel, through the fissures in the rock, into the deep cutting of the railroad, and continued so to escape in such quantity as to deprive the defendant, for a considerable portion of the year, of the entire water of the stream. It appeared upon the trial, that the new channel upon Voght's

farm might have been repaired at a small expense, so as to prevent the escape of the water therefrom, and thus preserve the utility of the stream for the testator's farm. The defendant totally neglected to repair the channel, and the testator, in March, 1859, commenced this action to recover his damages for the diversion of the water. Upon the trial at circuit the defendant's counsel requested the court to charge the jury, in substance, that if the defendant made the new channel suitable and proper to preserve therein, and conduct the stream of water upon the farm of the plaintiff, as it had before ran, as far as could be discovered at the time, although the water should subsequently escape and be diverted from causes not discoverable at the time, or from other causes, such as fissures in the rock, etc., caused by the elements subsequently, the plaintiff could not recover. The court refused so to charge, and defendant's counsel excepted. The court, in substance, charged that the defendant was bound to restore the stream, as near as practicable, to its former state of usefulness, and if it had not done so, it was still its duty so to do, and that if the plaintiff had sustained damage from a neglect of this duty, he was entitled to recover. The defendant's counsel excepted to this portion of the charge. A verdict was rendered for the plaintiff, upon which judgment was entered, which was affirmed, upon appeal, by the Supreme Court, whereupon the defendant appealed to this court.

*H. Gardner*, for the respondent.

*A. P. Lanning*, for the appellant.

Grover, J. The exceptions to the refusal of the court to charge as requested, and to the charge as given, fairly, I think, raise the question whether, if a railroad company, in the construction of its road, find it necessary to change the channel of a stream and thus divert its course, and for that purpose construct a new channel, the company is bound to keep such new channel in a suitable and proper condition so as not only to restore but preserve the stream in its former

state of usefulness, as near as practicable. The fifth clause of section 34 of the general railroad act (2 Rev. Stat , 681), among other things, empowers railroad companies to construct their road across, along, or upon any stream of water, water-course, etc., which the route of its road shall intersect or touch, but requires the company to restore the stream or water-course to its former state, or to such a state as not unnecessarily to have impaired its usefulness. The position of the defendant is that, having constructed the new channel with proper care, and in such a manner as that for the time being the stream is restored to its former state of usefulness, and for aught that can then be discovered will permanently so remain, the company, is thereby relieved from all responsibility, although it should turn out from the nature of the soil or rocks through which such new channel is constructed, it in a few months permitted the escape of the entire water, and thus, as in the present case, an owner of land situate below the point where the new channel is constructed is wholly deprived of the use of the stream. I am unable to assent to this position. It is insisted that it is a fair deduction from the doctrine of *Bellinger* v. *The New York Central Railroad* (23 N. Y., 42), and kindred cases. That principle is, that where legal authority for interfering with a stream upon making compensation exists, the party interfering is not absolutely responsible for a consequential injury arising therefrom, but only when such injury is the result of negligence on his part. An examination of that case will show that, although the apertures for discharge of the water through the embankment were properly constructed, and that due care was taken at the time to secure sufficient capacity for that purpose, yet if subsequent experience showed them deficient, the company was bound to make them suitable and proper for that purpose, and a neglect so to do would render them liable. The duty imposed upon the company in the present case was to restore the stream to its former state of usefulness, as near as might be. The company had the right to divert the stream and construct the new channel therefor, if necessary for the construction of its road, and having the legal right to do this

were not responsible for the consequential injuries to others while the work was being done, if prosecuted with proper energy and dispatch.

The change in the stream was made by the road for its own benefit. The plain intention of the statute in such a case is that the company shall restore the stream to its former proprietors as little impaired in its utility as practicable, so as to subject such owners to no loss or injury, or at any rate, to make the loss as trifling as possible. To effect-uate this clear intent, it must be held that the company must not only in the first instance make the channel as perfect as practicable, but continue and preserve it in that state as long as it continues to divert the water from its natural channel. The testator had the right, as owner, to the continued, undiminished flow of the stream in its natural channel over his farm, and of this right he could not be deprived by the legislature without compensation. This right only includes the water flowing in the stream, and does not embrace any surface drainage that may flow into the Niagara river through the defendants' cutting for their road. This cutting the defendants had a right to make, and for the flowing of surface drainage through it there is no liability. The defendants' counsel cites authorities showing that an owner digging in his soil and thereby severing a vein of water running below the surface and causing a spring upon the lands owned by another below, is not responsible for thus destroying the spring, for the reason that the digging being lawful, there is no liability for the consequence of the act. That principle is not at all applicable to the present case. In this, but for the legislative permission for public purposes, the defendant had no right, nor had Voght the power to grant to it any right to divert the stream from its natural channel to the prejudice of the testator. That permission is given, charged with the duty of restoring the stream to the testator as near as practicable to its former usefulness. This is not by any means done if the testator has it restored burdered with the charge of keeping the new channel in repair. That is a burden to which his previous enjoyment of the stream was

not subject, which charge may exceed the whole value of the stream, and thus deprive the testator of his entire property therein. A construction leading to such a result must be rejected. The judgment appealed from must be affirmed.

     Affirmed.