MARY J. COOPER *vs.* JOHN F. COOPER & another.

Suffolk.   March 8, 1888. — September 5, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Implied Contract — Services as supposed Wife — False Representations — Administrator.*

If a woman goes through a form of marriage, and lives with a man as his wife for many years, performing all the duties of that relation, and, after his death, learns for the first time that he had a wife living and not divorced from him, she cannot recover from his administrator for her services as housekeeper under an implied contract with the intestate.

CONTRACT against the administrators of the estate of James W. Cooper, to recover for services rendered by the plaintiff as housekeeper to the intestate.

At the trial in the Superior Court, before *Bacon*, J., it appeared in evidence that in January, 1869, the intestate and the plaintiff went through with a form of marriage, and subsequently lived together as husband and wife. She believed herself to be his lawful wife, until the death of the intestate, in July, 1885, when she learned for the first time that he had a lawful wife living, from whom he had been separated for many years, and from whom he had not been divorced. The plaintiff testified, that after the form of marriage between herself and the intestate she lived with him as his wife, and had one child by him; that she kept house for him until he died, and never received anything for her services; that she kept during a portion of the time from four to ten boarders, from the profits of which she gave to the intestate each week a stated sum, which he was to keep for her; that with her sister's help she did all the cooking, washing, and all the work of the house; that before her marriage to the intestate, and before she lived with him as his wife, he told her that he had been married before, but that his wife had been away from him for twenty years, and that he was divorced from her. Other witnesses testified, that the plaintiff had for many years done most of the work in the house in which the intestate and herself lived, and that they lived as husband and wife; that for several years, while the intestate was in ill health, the plaintiff was wont to carry him food to the place where he worked; and that she kept his house neat and clean.

The judge ruled that the evidence did not show any express contract to pay for the services of the plaintiff, and that when the parties lived together as husband and wife there could be no implied contract to pay for the same; and directed a verdict for the defendants. The plaintiff alleged exceptions.

*S. B. Allen*, for the plaintiff.

*W. B. French*, for the defendants.

W. ALLEN, J. The plaintiff and James W. Cooper intermarried in the year 1869, and lived together as husband and wife until his death, in 1885. After his death the plaintiff

learned that a former wife, from whom he had not been divorced, was living, and brought this action of contract against his administrator to recover for work and labor performed by her as housekeeper while living with the intestate. The court correctly ruled that when the parties lived together as husband and wife there could be no implied promise by the husband to pay for such work. The legal relations of the parties did not forbid an express contract between them; but their actual relations, and the circumstances under which the work was performed, negatived any implication of an agreement or promise that it should be paid for. *Robbins* v. *Potter*, 11 Allen, 588; *S. C.* 98 Mass. 532.

The case at bar cannot be distinguished from that cited, unless upon the grounds that the plaintiff believed that her marriage was legal, and that the intestate induced her to marry him by falsely representing that he had been divorced from his former wife. But the fact that the plaintiff was led by mistake or deceit into assuming the relation of a wife has no tendency to show that she did not act in that relation; and the fact that she believed herself to be a wife excludes the inference that the society and assistance of a wife which she gave to her supposed husband were for hire. It shows that her intention in keeping his house was to act as a wife and mistress of a family, and not as a hired servant. There was clearly no obligation to pay wages arising from contract; and the plaintiff's case is rested on the ground that there was an obligation or duty imposed by law, from which the law raises a promise to pay money, upon which the action can be sustained.

The plaintiff's remedy was by an action of tort for the deceit in inducing her to marry him by false representations, or by a false promise. *Blossom* v. *Barrett*, 37 N. Y. 434. The injury which was sustained by her was in being led by the promise, or the deceit, to give the fellowship and assistance of a wife to one who was not her husband, and to assume and act in a relation and condition that proved to be false and ignominious. The duty which the intestate owed to her was to make recompense for the wrong which he had done to her. It is said that from this duty the law raised a promise to pay her money for the work performed by her in housekeeping. The obligation

to make compensation for the breach of contract could be enforced only in an action upon the contract. The obligation to make recompense for the injury done by the tort was imposed by law, and could be enforced only in an action of tort; it was not a debt or duty upon which the law raised a promise which would support an action of contract. The same act or transaction may constitute a cause of action both in contract and in tort, and a party may have an election to pursue either remedy. In that sense he may be said to waive the tort and sue in contract. But a right of action in contract cannot be created by waiving a tort, and the duty to pay damages for a tort does not imply a promise to pay them, upon which assumpsit can be maintained. *Jones* v. *Hoar*, 5 Pick. 285. *Brown* v. *Holbrook*, 4 Gray, 102. *Ferguson* v. *Carrington*, 9 B. & C. 59.. See also Met. Con. 9, 10; 1 Chit. Con. (11th Am. ed.) 87; *Earle* v. *Coburn*, 130 Mass. 596; *Milford* v. *Commonwealth*, 144 Mass. 64.

But the objection to maintaining the plaintiff's action lies deeper. The work and labor never constituted a cause of action in tort. The plaintiff could have maintained no action of tort against the intestate for withholding payment for the work and labor in housekeeping, or for by false representations inducing her to perform the work without pay. The particular acts which she performed as a wife were not induced by the deceit, so that each would constitute a substantive cause of action, but by the position which she was deceived into assuming, and would be elements of damage in an action for that deceit. Labor in housekeeping was a small incident to a great wrong, and the intestate owed no duty, and had no right to single that out and offer payment for it alone; and the offer to do so might well have been deemed an aggravation of the injury to the plaintiff.

We have been referred to *Higgins* v. *Breen*, 9 Mo. 493, and *Fox* v. *Dawson*, 8 Martin, 94, as decisions contrary to the conclusion which we have reached. It does not appear upon what ground the latter case was decided. The former was decided in favor of the defendant, the administrator, upon technical grounds; but the question of his liability was considered. It was assumed that an action of contract could have been maintained against the intestate for work and labor, and the question

discussed was whether the action would survive against his administrator, and it was held that it would.   Upon the evidence in the present case, we think that no action, certainly no action of contract for the cause of action declared on, could have been maintained against the intestate.   Even if the intestate had been liable in tort, we are not prepared to assent to the proposition that an action of contract will lie against an administrator for a tort of his intestate for which no action of contract could have been sustained against him.

In the opinion of a majority of the court, the entry must be,

*Exceptions overruled.*