## VILLAGE OF JAMAICA v. LONG ISLAND R. CO.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

RAILROAD COMPANIES—CONSTRUCTION—HIGHWAY CROSSINGS.

> Laws 1853, c. 62, provides that any village may lay out a highway across the track of any railroad now laid or which may hereafter be laid, and it shall be the duty of such railroad to cause such highway to be taken across its track "as shall be most convenient and useful for public travel," and that all the provisions of Laws 1850, c. 140, shall apply to streets hereafter laid out.   The latter chapter provides that every railroad corporation which shall build across any highway shall restore the highway to such state as not to unnecessarily impair its usefulness, and may carry the highway "under or over its track, as may be found most expedient." *Held*, that there was no difference between an old highway crossed by the railroad and a new highway crossing the railroad at grade; that in both cases the company had the election of methods, and, unless the reasonable usefulness of the highway was infringed, the company's election to carry it over the track would not be disturbed.

Appeal from special term, Queens county.

Action by the village of Jamaica against the Long Island Railroad Company.   From an order at special term, denying plaintiff's motion for an order requiring defendant to make Brenton avenue a new public highway across defendant's track at grade, and for an injunction to prevent defendant from taking said highway across its track by means of a bridge, plaintiff appeals.   Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Henry A. Monfort, for appellant.

William J. Kelly, for respondent.

BARNARD, P. J.   The village of Jamaica has laid out a new highway, which crosses the Long Island Railroad at grade.   The question presented is whether the railroad can carry the street over its track at an elevation of some 18 feet.   By the charter of the village the railroad is bound to cause a highway to be taken across its track "as shall be most convenient and useful for public travel."   Laws 1853, c. 62.[1]   This chapter provides that all the provisions of the general railroad law (Laws 1850, c. 140[2]) shall apply to the village, and that requires the crossing to be over or under the track of the railroad, "as shall be most expedient," provided that the usefulness of the highway be not un-

---

[1] Laws 1853, c. 62, relating to villages, and entitled "An act to regulate the construction of roads and streets across railroad tracks," (section 2,) provides that "it shall be the duty of any railroad corporation across whose track a street or highway shall be laid out as aforesaid, immediately after the service of said notice, to cause the said street or highway to be taken across their track, as shall be most convenient and useful for public travel, and to cause all necessary embankments, excavation, and other work to be done on their road for that purpose; and all the provisions of the act passed April second, eighteen hundred and fifty, in relation to crossing streets and highways already laid out by railroads, and in relation to cattle guards and other securities and facilities for crossing such roads, shall apply to streets and highways hereafter laid out."

[2] Laws 1850, c. 140, § 24, provides that, "whenever the track of a railroad constructed by a company formed under this act shall cross a railroad, a highway, turnpike, or plank road, such highway, turnpike, or plank road may be carried under or over the track, as may be found most expedient," provided that the usefulness of the highway be not unnecessarily impaired.

necessarily impaired. There is no difference between an old highway which is crossed by the railroad and a new highway which crosses the railroad at grade. The general law regulated crossing highways existing. The village charter requires all new roads to be taken across the track as shall be most convenient and useful for public travel, and applies all the provisions of law in relation to crossing streets applicable. The railroad company has the election of methods, and, unless the reasonable usefulness of the highway is infringed, the selection of the company will not be interfered with. People v. New York Cent., etc., R. Co., 74 N. Y. 302. The order refusing an injunction should therefore be affirmed, with costs and disbursements. All concur.