LINA M. ALLEN, Respondent, *v.* BUFFALO, ROCHESTER AND PITTSBURGH RAILWAY COMPANY, Appellant.

1. RAILROADS — RESTORATION OF HIGHWAY — L. 1890, CH. 565, § 11. A railroad company, which has constructed its track upon a highway, does not fulfill its statutory duty of restoration of the highway (L. 1890, ch. 565, § 11) by merely laying out a new highway of the same width and grade and in the same general direction as the original one, but it must take all reasonable precautions to make the new highway safe with reference to all the new surroundings and circumstances.

2. SUCCESSIVE CORPORATIONS — CONTINUING STATUTORY OBLIGATION. The statutory duty of restoration and maintenance of a highway appro-

priated by a railroad company for its track is a continuing obligation incident to the franchise, which passes and attaches to the successors of the corporation by which the highway was originally appropriated.

3. DUTY OF MAINTENANCE OF RESTORED HIGHWAY. The intention of the statute is to impose upon a railroad company, whose track is upon an original highway, the duty of maintaining the restored, as well as of restoring the original, highway, at least so far as affected by its own operations; and so long as changes are made therein by the railroad, or occur in consequence of its operation, which affect the safety of the highway, the statutory duty to preserve the usefulness of the latter attaches and remains until fully complied with.

4. NEGLECT TO MAINTAIN SAFETY OF HIGHWAY — LIABILITY OF RAILROAD TO TRAVELER. When a new highway, constructed by a railroad company in restoration of an original highway occupied by its track, is laid out on the top of a bank of gravel which is being undermined by drawing off the material for the use of the railroad track, it should be so secured and guarded as to make it reasonably certain that the roadbed will not fall into the cut; and if the new road is left in such a state that such a result may be reasonably anticipated, the company has not complied with the spirit of the statute, and its neglect in that respect will render it liable to respond to a traveler on the new road for an injury sustained by reason thereof.

*Allen* v. *Buffalo, R. & P. Ry. Co.*, 81 Hun, 615, affirmed.

(Argued December 22, 1896; decided January 19, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial department, entered October 24, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries sustained by the plaintiff, alleged to have been caused by the negligence of defendant.

The facts, so far as material, are stated in the opinion.

*Henry G. Danforth* for appellant. The court erred in denying defendant's motion for a nonsuit, as it does not appear from the evidence that the defendant owed any duty, statutory or otherwise, in regard to this highway at the point where the accident occurred. (*Ditchett* v. *S. D. & P. M. R. R. Co.*, 67 N. Y. 425; *Glasier* v. *Town of Hebron*, 131 N. Y. 447; *Lane* v. *Town of Hancock*, 142 N. Y. 510.) The court erred

in refusing to charge that the alterations made in this highway in 1889, and the discontinuance of the old highway in the same year, were lawful. (*People ex rel.* v. *Jones*, 63 N. Y. 306.)

*George E. Spring* for respondent. It was the duty of the company constructing this railroad along this highway to restore such highway to its former state or to such state as not unnecessarily to have impaired its usefulness. (L. 1850, ch. 140, § 24; L. 1880, ch. 133, § 2, subd. 5; L. 1887, ch. 724, § 1, subd. 5; *People ex rel.* v. *D. & C. R. R. Co.*, 58 N. Y. 152; *State* v. *R. R. Co.*, 36 Ohio, 434; *Vaughn* v. *B., R. & P. R. Co.*, 54 N. Y. S. R. 782; *Cott* v. *L. R. R. Co.*, 36 N. Y. 214; *Hatch* v. *S., B. & N. Y. R. R. Co.*, 50 Hun, 64; *People* v. *N. Y. C. & H. R. R. R. Co.*, 74 N. Y. 302; *Burritt* v. *New Haven*, 42 Conn. 174; *Thayer* v. *F. R. R. Co.*, 93 Mich. 150; Wood on Nuisances, § 303; *Moshier* v. *U. & S. R. R. Co.*, 8 Barb. 427; *Graham* v. *President, etc., D. & H. C. Co.*, 46 Hun, 386; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154; *Van Norden* v. *Robinson*, 45 Hun, 567.) It was the duty of the railroad company to erect and maintain a fence along its right of way adjoining the highway, not simply as a protection against straying animals, but for the better safety of the public as well, and this is so independently of the statute. (*Donnegan* v. *Erhardt*, 119 N. Y. 468; *Wasmer* v. *D., L. & W. R. R. Co.*, 80 N. Y. 212; *Schild* v. *C. P., N. & E. R. R. R. Co.*, 133 N. Y. 446; *Maxim* v. *Town of Champion*, 50 Hun, 88; 119 N. Y. 626; *Corwin* v. *N. Y. & E. R. R. Co.*, 13 N. Y. 42; *Graham* v. *President, etc., D. & H. C. Co.*, 46 Hun, 386–389; *Babcock* v. *N. Y. C. & H. R. R. R. Co.*, 20 Wkly. Dig. 477.) The highway was a nuisance, and the defendant, in thus permitting it to remain, imperiling the lives of people, was as liable to one injured as the progenitor of the nuisance. (*Wasmer* v. *D., L. & W. R. R. Co.*, 80 N. Y. 212–216; *Wenzlick* v. *McCotter*, 87 N. Y. 122; *McGrath* v. *Walker*, 64 Hun, 179; *Irvine* v. *Wood*, 51 N. Y. 224.) The statute imperatively requires the restoration of the highway by the

defendant or its predecessors. (*Hatch* v. *S., B. & N. Y. R. R. Co.*, 50 Hun, 64; *Bryant* v. *Town of Randolph*, 133 N. Y. 70; *Buchholz* v. *N. Y., L. E. & W. R. R. Co.*, 148 N. Y. 640.)  Plaintiff was not guilty of contributory negligence. (*Twomley* v. *C. P., N. & E. R. R. R. Co.*, 69 N. Y. 158; *Wynn* v. *C. P., N. & E. R. R. R. Co.*, 133 N. Y. 575; *Salter* v. *U. & B. R. R. R. Co.*, 88 N. Y. 42; *Schimpf* v. *Sliter*, 64 Hun, 463; *Bucher* v. *N. Y. C. & H. R. R. R. Co.*, 98 N. Y. 132; *Dyer* v. *E. R. Co.*, 71 N. Y. 228; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 459; *Phillips* v. *N. Y. C. & H. R. R. R. Co.*, 127 N. Y. 657; *Ring* v. *City of Cohoes*, 77 N. Y. 83–90; *Ivory* v. *Town of Deer Park*, 116 N. Y. 476; *Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419; *Weil* v. *D. D., E. B. & B. R. R. Co.*, 119 N. Y. 147.)

O'BRIEN, J.   The basis of the recovery in this case was the omission of the defendant to perform the statutory duty to restore a public highway to its former condition or to such state as not unnecessarily to have impaired its usefulness.  The plaintiff, while driving upon one of the public highways of the town with a horse and carriage, was thrown out and injured.  At the point in the highway where the accident occurred there was a defect which the jury could have found to have been the proximate cause of the injury.  The defense of contributory negligence on the part of the plaintiff was properly submitted to the jury, and that question has been determined against the defendant by the verdict.

When the railroad bed of the defendant was constructed, about the year 1873, several rods of it were built in a public highway.  In order to make a proper grade for the railroad the highway was cut down from seventeen to twenty-five feet below the surface, thus forming a deep cut with sloping banks on each side for a distance of some forty or fifty rods.

The defendant, having appropriated the highway for several rods in length for its roadbed, it was, of course, impossible to restore that identical road to its former state.  The statutory duty could not be performed except by the construction of a

new highway at some other place. This it proceeded to do
by the purchase of a strip of land south of the railroad and
immediately adjoining it, fifty feet wide, the old road being
three rods in width. The new highway was constructed and
laid out along the brink of the cut on the surface of the
ground, and at the point where the accident occurred the cut
was some seventeen feet below the bed of the new highway.
On the south bank of this cut the defendant, or some of its
predecessors in title, in procuring gravel, had so affected the
slope of the bank that a part of the new highway was eaten
away and fell into the cut. In this way the highway was
narrowed to thirty-three feet from the south boundary line
to the brink of the cut, and there were no guards or fences
between the highway and the cut. The surface of the road
sloped quite sharply from the south line towards the cut at the
place where the injury occurred, and there was a considerable
bank or rise on the south and a bend in the line of the road.
At this point the horse which the plaintiff was driving became
frightened at a passing train in the cut below, and, seeking to
avoid the precipice on the north which extended into the high-
way, she reined the horse to the south, and in doing so drove
upon the bank or high ground and the carriage was over-
turned and the plaintiff injured. The evidence tended to
show that when the horse was reined towards the south he
was within a couple of feet of the unguarded declivity. In
this condition of the proof the trial judge submitted all
the questions to the jury and a verdict for the plaintiff was
found which has been affirmed at General Term.

It is argued that as the defendant, or rather its predecessor
in title, constructed a new road in place of the old one, which
it took for its right of way, and that, since the new road was
suitable and equal to the old one in point of safety and con-
venience, the whole statutory duty has been discharged, and,
whatever changes may have occurred thereafter to render the
road more unsafe or to impair its usefulness, the defendant is
not liable for the result under the statute, whatever may be
the liability for negligence at common law.

There are, we think, two answers to this proposition :

1. The construction of the railroad on the line of the highway by sinking the tracks twenty feet below the surface, producing a deep cut, in which trains were to be operated, created a new and more dangerous situation, and the new road, in order to be as safe as the old one, or in order to be in such a state as not unnecessarily to impair its usefulness, should have been constructed and left in a condition with reference to all the new surroundings. It does not follow that because the railroad laid out a new road just south of the old one, which it had appropriated for its own purposes, of the same width and grade and in the same general direction, that it performed the duty enjoined upon it by the statute. The new road having been constructed upon the brink of a deep cut, and so graded that it sloped toward the cut instead of from it, was obviously more dangerous than the old one, which was not menaced by any such perils. The railroad was, therefore, in constructing the new road, bound to take all reasonable precautions to guard against accidents to be apprehended from these new dangers. It was bound to construct safe and permanent barriers between the line of the highway and the brink of the cut, to so grade the surface that the tendency of travel should not be always towards a deep and dangerous declivity, and to secure the banks in such a manner that a part of the highway would not slide into the cut as it did. It cannot be affirmed as matter of law that the railroad ever performed this duty. It is true that it laid out a new road in another place, but, whether this road, in view of all the circumstances, and with reference to the new condition of things and the dangers to be apprehended, was such a restoration of the old one as the statute contemplates, was, upon all the evidence in the case, a question of fact to be determined by the jury. The court was not authorized, under the circumstances of the case, to hold, as a matter of law, that the railroad had ever performed the full statutory duty. The facts and circumstances bearing upon this question were of such a character as to require their submission to the jury.

2. The statute under consideration has frequently been the subject of judicial construction. (Laws 1890, ch. 565, § 11.)

The defendant's title to the railroad is derived from various corporations preceding it in the operation of the same, and it was one of these corporations that appropriated the old road and constructed the new one. We do not think that the defendant's obligations are changed by these facts. The duty of restoration is inseparable from the franchise granted, permitting the railroad to cross the highway, or divert it from the original location. The duty, it is true, was primarily imposed upon the corporation that appropriated the highway, yet, as it was a continuing obligation incident to the franchise when the defendant became vested with the property and its privileges, it also became burdened with the duty of restoration. The duty was not only to restore the road to its former condition, but to maintain this condition in a reasonable way, at least so far as its safety or usefulness was affected by its own acts and the ordinary operations of its business. The duty is not performed when the railroad restores the road on one day and destroys it on the next day. Though restoration may have been made, yet, if the railroad, by its ordinary operations, destroys the benefit of such restoration to the public and renders the road unsafe, or unnecessarily impairs its usefulness, the duty which accompanies the exercise of the franchise imposes upon the corporation the burden of further restoration and maintenance. Any other rule would permit a railroad, that has once complied with the statute, to destroy what it had done, or to allow it to become useless or dangerous, without being subject to any of the remedies in favor of the public that the statute contemplates.

When the defendant, or the corporation whose duty it has assumed, built the road on the edge of the cut and subsequently undermined the bank, thus causing the roadbed to slide into the cut, leaving a dangerous pit or opening in the highway, the continuing duty imposed by the statute was not complied with until the defect thus caused had been repaired and the road made safe. The usefulness of a highway is

unnecessarily impaired, within the meaning of the statute, by a railroad that has occupied it, whenever it is left in such a condition that it is reasonably probable that it will become unsafe in consequence of the new situation and new surroundings. A highway laid out on the top of a bank of gravel which is being undermined by drawing off the material for the use of the railroad track, should be so secured and guarded by proper supports and barriers as to make it reasonably certain that the roadbed will not fall into the cut, and if the new road is left in such a state that such a result may reasonably be anticipated, the railroad has not complied with the spirit of the statute.

In this case that result did occur, and the opening thus made in the road was, in the judgment of the jury, a proximate cause of the accident. The defendant, when called upon to respond in damages to the plaintiff for the injury, cannot defeat the claim by alleging that the road had once been put in proper condition, even if that fact had been found in its favor.

It left the road with a frail fence on the south line of the railroad, which soon fell into decay and disappeared, thus exposing travelers to the perils of the declivity below. It left the bank in such a condition that by the use for procuring gravel for its own purposes it could easily be foreseen that at some time the roadbed itself would be undermined and its safety impaired. All this might, under the circumstances, have been reasonably anticipated, and as such dangers in the process of time became more evident, it was the duty of the defendant under the statute to guard against them and so maintain the highway in a reasonably safe condition against all defects produced by the railroad. This we conceive to be a reasonable construction of the statute, and one that is sustained in principle by the following authorities, in which the duty of maintenance, as well as of restoration, has been held to be implied in the statute: *Cott* v. *Lewiston R. R. Co.* (36 N. Y. 214); *People* v. *N. Y. C. & H. R. R. R. Co.*

(74 N. Y. 302); *Hatch* v. *S.. B. & N. Y. R. R. Co.* (50 Hun, 64); *Vaughan* v. *B., R. & P. R. Co.* (72 Hun, 471); *State* v. *D. & S. E. R. R. Co.* (36 Ohio St. 434); *Burritt* v. *City of New Haven* (42 Conn. 174); *Mayer* v. *Flint & P. M. R. R Co.* (93 Mich. 150). If the duty of care and maintenance is enjoined by the statute where a railroad crosses a stream upon a bridge or where the highway is changed and made to pass over the railroad above grade upon a bridge with approaches, we see no reason why the same duty does not exist in this case. It was a question for the jury to determine whether, upon either of these grounds, the statute had been complied with or not. If it had been disregarded either in its letter or spirit, the defendant was liable for the damages resulting to the plaintiff. (*Bryant* v. *Town of Randolph*, 133 N. Y. 70; *Schild* v. *C. P., N. & E. R. R. R. Co.*, Id. 446; *Post* v. *W. S. R. R. Co.*, 123 N. Y. 581; *McMahon* v. *S. A. R. R. Co.*, 75 N. Y. 231; *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 247.)

When a public highway has once been appropriated to the use of a railroad company, the statute contemplates that the new use may endanger the safety of the road, not only in the first instance, but subsequently through the operations of the company and by such changes as such operations may from time to time produce, and hence the duty of maintenance as well as restoration is comprehended in the statute. This result arises not only from the language of the statute, but from the nature of the case and the new condition of things produced by the operation of a railroad on a highway. Since the town authorities cannot make such repairs or changes as the safety of the public may require, without interfering with the management and operation of the railroad, the duty is imposed upon the latter so far as rendered necessary by its own operations. If, for instance, the railroad should find it necessary to relay its track on a different grade at a crossing, the statute would require it to make such repairs or changes in the highway as to conform to the new situation. It would be no answer when charged with failure to perform the statutory duty to say that it had once restored the road.

So long as changes are made by the railroad, or occur in consequence of its operation, which affect the safety of the highway, the statutory duty to preserve the usefulness of the latter attaches and remains until fully complied with. This principle applies where a new road has been substituted for an old one along the line of the railroad, as in this case, as well as where the old road is used for both purposes.

The case was properly submitted to the jury, and, as there was no material error in the charge, the judgment must be affirmed.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.