Campbell, Chief Justice,
delivered the opinion of the court:
The petition alleges facts showing that plaintiff, employed as an elevator man in a Federal building and while in the performance of his duties, suffered personal injuries which have entailed financial losses and expense, for which he sues. The alleged cause of these injuries is the breaking of the handle of a heavy oil can which he was lifting that caused the can to be precipitated upon his toes, with the result that the toe had to be amputated and ultimately, because of complications alleged to have been set in motion by the injury, he suffered the amputation of both legs. The petition is demurred to.
Plainly the alleged cause of action is one sounding in tort. In the Bigby case, 188 U. S. 400, the injuries arose from the fall of an elevator belonging to the Government and operated by one of its employees. The court considered the provision in section 145, Judicial Code, excluding from judicial cognizance any claim against the United States for damages in cases “ sounding in tort,”, and also the plaintiff’s contention that even though the case sounded in tort, he could waive the tort and sue in assumpsit, upon an implied contract whereby the Government agreed to carry him safely in its elevator and use due care in the operation of it. This theory was rejected and it was held (p. 407) that the court has steadily adhered to the general rule that without its consent given in some act of Congress the Government is not liable to' be sued for the torts, misconduct, misfeasances or laches of its officers or employees; that there is no reason to suppose that Congress has intended to change or modify that rule, and, on the contrary, such liability to suit is expressly excluded by the Tucker Act (Sec. 145, Judicial Code). Quoting with approval from the case of Cooper v. Cooper, 147 Mass. 370, 373, it is said: “A right of action in contract can not be created by waiving a tort and the duty to pay damages for a tort does not imply a promise to pay them upon which assumpsit can be maintained.” The conclusion reached in the Bigby case, supra, must be the conclusion reached here, that it is for Congress to determine in all such cases what justice requires upon the part of the *35 Government. If any exceptions ought to be made to the general rule it is for Congress to make them. It may be added that some provision has been made for injured employees of the United States by the act of September 7, 1916, 39 Stat. 742, U. S. C. Sec. 751, but it does not confer power on this court. .
The demurrer should be sustained and the petition dismissed. And it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.