ALICE A. MULLIN *vs.* HELEN MEGATHLIN, administratrix.

Suffolk.　December 4, 1930. — December 8, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Contract*, Implied.

An action of contract cannot be maintained by a woman against the estate of a man who, by representing himself to be a widower when he was a married man, induced her, innocent of the wrong, to go through the form of a ceremony of marriage to him, to give up a business of her own and thereafter to maintain his household and to care for him during a considerable period of illness.

CONTRACT OR TORT. Writ dated July 11, 1929.

In the Superior Court, the action was tried before *Morton,* J. "The action as to tort was discontinued by stipulation." After an opening statement by the plaintiff, the judge allowed a motion by the defendant that a verdict be ordered in her favor. The plaintiff alleged exceptions.

*H. W. Cole & D. E. Sullivan,* for the plaintiff, submitted a brief.

*C. G. Willard,* for the defendant.

RUGG, C.J. This was begun as an action of contract or tort. The relevant facts on which the plaintiff founds her case are that the decedent, of whose estate the defendant is administratrix, induced the plaintiff to go through a marriage ceremony with him in 1916 by representing that he was a widower, when in truth he had a

legal wife then and now living from whom he was never divorced; that the plaintiff at all times was innocent of wrong in this connection and believed that the decedent could legally marry her and that the ceremony between them made them husband and wife; and that, immediately after the form of marriage with him, she gave up a business of her own and thereafter maintained the household of the decedent and cared for him during a considerable period of illness.

It is plain that the plaintiff cannot recover in contract on these facts. Manifestly there was no express contract and the circumstances forbid the inference of an implied contract. That is settled adversely to the plaintiff by *Cooper* v. *Cooper,* 147 Mass. 370, where the subject is discussed at large. See *Graham* v. *Stanton,* 177 Mass. 321.

Whether the plaintiff could maintain an action of deceit against the estate of the man who has wronged her is not before us, because it is stated in the bill of exceptions that the " action as to tort was discontinued by stipulation." See *Leggate* v. *Moulton,* 115 Mass. 552. *Rockwell* v. *Furness,* 215 Mass. 557, 558. *Putnam* v. *Savage,* 244 Mass. 83, 85.

*Exceptions overruled.*