THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent, *v.*
THE STATE OF NEW YORK Appellant.*

(Claim No. 23212.)

Third Department, May 6, 1936.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden, Second Deputy Attorney-General,* of counsel], for the appellant.

*Clive C. Handy [William R. Stevens* and *Leo Manville* of counsel], for the respondent.

*Revg. 152 Misc. 480.

Bliss, J. Many years ago the respondent's predecessor erected a highway bridge over its track in the village of Morristown, St. Lawrence county. This was done pursuant to the provisions of sections 24 and 28 of chapter 140 of the Laws of 1850, later incorporated in section 11 of chapter 565 of the Laws of 1890 and now embodied in subdivision 4 of section 8 and section 21 of the Railroad Law. These statutes permitted a railroad corporation to construct its railroad across a highway which the route of the railroad intersected and directed it to restore the highway thus intersected to its former state or to such state as not to have unnecessarily impaired its usefulness. They further provided that such highway might be carried over or under the railroad track as might be found most convenient. The highway thus carried over the railroad by this bridge later became a county highway and part of the State highway system.

On November 29, 1930, two motor trucks loaded with sand and hauling a trailer loaded with a shovel, all owned by the appellant, were being operated by employees of the appellant over this bridge. The trailer hit the truss of the bridge and the bridge collapsed. The Court of Claims has found that this collapse occurred through no fault of the respondent. There was no claim by the respondent of negligence on the part of the appellant or its employees and no findings of negligence have been made by the court below. The respondent cleared away the wreckage and installed a temporary structure and has had judgment in the court below for the cost thereof.

Respondent's notice of intention to file a claim was filed in May, 1931, more than sixty days and less than six months after the date of the accident. The respondent, both here and in the court below, contended that its claim was based upon a breach of contract by the State and that the provisions of section 12, and section 15 of the Court of Claims Act, which contains the six months' limitation of the filing of the notice of intention, apply. The appellant urges that this is not a claim bottomed in contract but, if anything, is one based upon a tort and that the sixty-day limitation of section 12-a of the Court of Claims Act applies and that the claim should have been dismissed for failure to file the notice of intention within the time limited. The parties concede that the sixty-day limitation of section 12-a applies to tort actions and the six-month limitation contained in section 15 applies to claims for breach of contract. This is in accordance with the statute and the decisions. (*Sherlock* v. *State of New York,* 198 App. Div. 494; 202 id. 771; affd., 235 N. Y. 515.)

The respondent urges and succeeded in convincing the court below that by imposing by statute upon a railroad corporation the duty to restore and maintain a highway at the intersection of such highway and the railroad, the appellant assumed the obligation to refrain from any act which would prevent, hinder or impair the performance of such duty by the railroad. Respondent says that it is necessarily a part of every contract that one party, who has undertaken to perform some act, shall not be hindered or prevented by the other from so doing. Respondent further urges that it is not important how or in what manner such performance is frustrated, whether by design or accident. The result is a breach of contract, or at least a violation of the duties and obligations imposed thereunder, forming a basis of a legal right arising out of contract.

The court below concluded that the act of the appellant in breaking down the bridge violated an obligation incurred by it to refrain from interference with the respondent in the maintenance of the structure. In its opinion it holds that acceptance of the benefits of the restoration of the structure created an implied agreement upon its part to pay therefor. The court also reasoned that because the employees of the State might have been negligent in permitting the trailer to hit the truss, the claimant might waive the tort and sue in contract for the amount it has expended in mending the damage done.

The respondent cites no precedent to support its theory of a statutory contract between these parties containing the implied agreement by the State to refrain from all acts which might render necessary the reconstruction or repair of this bridge. Carried to its logical conclusion, respondent's theory would mean that any act on the part of the State or any of its officers or employees, however faultless, which made it necessary for the railroad to reconstruct or repair this bridge would be a breach of contract upon the part of the State and would render the State liable to the railroad for the cost of such reconstruction or repair. The inadequacy of the structure itself to reasonably care for the traffic on the highway and the condition of the structure at the time would be no defense. There would be an absolute liability upon the State should any of its officers or employees do any act, regardless of how free from fault, which made reconstruction or repair necessary.

There is no evidence of such an intent in the statutes themselves. The statute gave the respondent permission to use a portion of the highway for its railroad and imposed upon it the duty of restoring and maintaining the highway. This obligation was continuous (*People* v. *N. Y. C. & H. R. R. R. Co.*, 74 N. Y. 302), and the highway was to be maintained in a condition reasonably safe for the

public travel at that point. (*Allen* v. *Buffalo, R. & P. R. Co.*, 151 N. Y. 434.). The appellant and its employees had the same rights and privileges to travel over this bridge that the general public had. This is the logical interpretation of the statute and there is no expression or indication of any contrary intent in the law itself. The appellant expressly assumed no contrary obligation, contractual or otherwise, by the statute and no rule of construction would justify us in reading such intent into the statute by implication. No such contract was created by the statute. The statute indicates no intention that the State's employees will be subject to any rule of conduct different from that applying to the ordinary wayfarer in the use of this bridge. The appellant did not, by implication or otherwise, agree to refrain from acts, otherwise lawful and reasonable, which might render necessary the reconstruction or repair of the bridge by the railroad corporation. It did not assume an absolute liability for damages resulting from travel by its employees upon this bridge. The statute grants the railroad corporation a privilege coupled with a condition under which the privilege may be exercised and should not be construed so as to place an added obligation upon the State.

The respondent's theory is not strengthened by the rule that in certain instances a party aggrieved may waive his cause of action in tort and proceed in contract. To sustain the waiver of a tort and an election to proceed in contract there must be a contract, either express or implied, under which the party may recover. The procedure then is rather an election or choice of remedies than a waiver. " The same act or transaction may constitute both a cause of action in contract and in tort, and a party may have an election to pursue either remedy. In that sense he may be said to waive the tort and sue in contract.

" But a right of action in contract cannot be created by waiving a tort, and the duty to pay damages for a tort does not imply a promise to pay them, upon which *assumpsit* can be maintained." (*Cooper* v. *Cooper*, 147 Mass. 370; 17 N. E. 892.)

The respondent failed to establish a claim coming within sections 12 and 15 of the Court of Claims Act, or indeed, any claim at all.

The judgment below should be reversed and the claim dismissed, with costs.

HILL, McNAMEE and HEFFERNAN, JJ., concur; CRAPSER, J., dissents.

Judgment reversed on the law and claim dismissed, with costs.