## ANN ROBBINS *vs.* JOSEPH POTTER.

If, in defence against an action to recover money paid to the defendant's use at his request, he proves that a ceremony of marriage had been performed between him and the plaintiff and they were living together as husband and wife when she made the payment, she is not estopped from proving that she had a previous husband living at the time of such ceremony; and, if it appears that the defendant knew, at the time of the payment, that his marriage with her was invalid, she may recover, although she knew it also.

If, on exceptions to the refusal of the judge to rule at a trial that the evidence would not warrant a verdict against the excepting party, it appears that there was any evidence on which the jury could legally have found such a verdict, its relative weight will not be considered.

The liability of a borrower of money on his general promise to the lender to repay it is not affected by proof of his subsequent promise to repay it on a certain day, without proving also the assent of the lender.

CONTRACT for money paid to the defendant's use at his request, and for the value of services rendered to him by the plaintiff.

In the superior court, after the decision reported 11 Allen, 588, the case was referred to an auditor to state an account, who reported that nothing was due to the plaintiff. At the trial, before *Putnam*, J., after this report, the plaintiff abandoned her claim for compensation for services, and offered herself as a witness in support of her claim for money paid. The defendant contended that she was not a competent witness to prove his promises of repayment in conversations with herself, and introduced testimony to show that she had been married to him, and at the time of the alleged payments and promises was living with him as his wife; but the plaintiff proved by the same witness, and by other evidence, that at the time of her marriage to him she had a husband living. The judge admitted her to testify; and at the same time gave leave to the defendant to file an amended answer setting up the fact of his marriage to the plaintiff, and alleging that at the time thereof "she claimed that she was a widow and could lawfully contract such marriage," and that from then until after the time of said payments and promises "they lived together as husband and wife." The plaintiff proved by her own and by other testimony her payments of

money for groceries and other household stores, and the defendant's general promises of repayment, and also promises of the defendant to repay her "when the house was paid for;" and further testified that there was never any agreement that they should continue to live together, and that the defendant at the time of the performance of the ceremony of marriage between them knew that she was already married to another. The defendant introduced evidence contradicting the evidence of the plaintiff, and asked the judge to instruct the jury that, if he promised to repay the plaintiff from time to time money paid by her for groceries consumed in the family while they were living together as husband and wife, and afterwards they continued their cohabitation as before, such promises alone would not be sufficient to sustain this action, although nothing was said about future cohabitation at the time; that the plaintiff could not set up her own turpitude in avoidance of the action; that her *primâ facie* case was controlled by the auditor's report; and that on the evidence she could not recover. But the judge instructed them that, in order for her to recover, her *primâ facie* case must outweigh the *primâ facie* case made for the defendant by the report of the auditor; and that, on an express agreement of the defendant to repay the sums she had advanced, she could recover, notwithstanding her cohabitation with him, if no illegal consideration entered into the agreement and the defendant was not deceived as to the nature of their matrimonial connection.

The jury found for the plaintiff; and the defendant alleged exceptions.

*D. Saunders, Jr.,* ( *C. Saunders* with him,) for the defendant.

*E. J. Sherman & J. K. Tarbox,* for the plaintiff.

HOAR, J. 1. The instructions given to the jury were in precise conformity with the rules given by this court when the case was before us on a former bill of exceptions, 11 Allen, 588; and the evidence now reported does not differ from that which we had then under consideration to such an extent as to make those instructions any the less appropriate. By an amendment to the pleadings the defendant was permitted to allege in his defence

that the plaintiff, at the time of the supposed contract, and ever since, was his wife; and it was intimated in the former opinion that this might enable him to rely upon the marriage as a defence. But if the marriage was in fact void, we did not intend to be understood as deciding that the fact that the parties had cohabited as husband and wife would estop the plaintiff from denying the marriage, if its invalidity appeared to be as well known to the defendant as to her. The estoppel would only exist as against a party who had been deceived by the pretence and appearance of marriage.

2. Upon the second ground of exception, that the court did not rule that the plaintiff was precluded from recovering by reason of the immoral and unlawful relation between the parties, or because the plaintiff could not maintain her action except by proof of her own turpitude, the position taken by the defendant cannot be supported. The plaintiff's claim of compensation for services was abandoned at the trial, as it should have been. There is no contract implied by law to pay for services rendered between parties living together as husband and wife.

But to support her action for money paid by the plaintiff for the defendant's use, and at his request, she was not obliged to prove any illegal or immoral act. The defendant set up as an answer or defence to her claim, that she was his wife; this she denied; and the same witness by whom he proved that the ceremony of marriage had passed between them, proved also that it was not a lawful marriage, because she had a prior husband .iving. This left the express contract just where it stood before. She was not his wife, because it was not legally competent for her to marry him. She did not offer to prove, nor did the case require her to prove, that they had lived together in adultery, or had committed bigamy, but only that she was not his wife, because she was the wife of another. He attempted to shield himself from the performance of a lawful contract, by showing a pretended marriage, in the guilt of which he had participated with full knowledge of the fact. He thus undertook to avail himself of their criminal relation, by suppressing a part of the evidence to establish it; and sought to estop her from disclosing

the whole truth because she had been his accomplice. This the law will certainly not allow.

3. The defendant further argues that the evidence in the case would not justify a verdict for the plaintiff, because it would not authorize the jury to find that the contract declared on was. independent of the criminal relation of the parties; but on the contrary showed that it was made in furtherance of it. But this is not a motion for a new trial. There was some evidence for the jury in support of the plaintiff's case, and its weight or sufficiency cannot be considered upon these exceptions. This was settled, and the reasons for it stated, in the recent case of *Forsythe* v. *Hooper*, 11 Allen, 419. The plaintiff testified that there was no agreement or understanding that she would live with the defendant a day, when the money was lent. And though there was much in the case to control this evidence, it was for the jury to weigh and decide it.

4. There was evidence that the promise to repay the money lent or paid by the plaintiff, was originally a general promise, no time being fixed for the repayment. A promise afterward to pay it upon the happening of a certain event would not affect the right of the plaintiff, without a new agreement.

*Exceptions overruled.*