JANE I. DEAN *vs.* WILLIAM W. CARRUTH, administrator.

A request, written by the maker of a promissory note on the same piece of paper, that the payee will accept the note from his true friend, the writer, is not conclusive, as matter of law, that the note is without consideration; nor is it so, coupled with the fact, as part of the transaction, that the note was delivered to the payee in a sealed envelope, on which was written a request to him by the maker that he would not open it till after the writer's death.

Mere inadequacy of consideration will not avoid a promissory note.

CONTRACT, brought November 25, 1870, against the administrator of the estate of Samuel C. West, on the following promissory note made to the plaintiff by the intestate :

"Taunton, August 15, 1857. For value received I promise to pay Mrs. Jane I. Baylies five hundred dollars on demand.

"Witness, A. E. Swasey."          "Samuel C. West."

The answer alleged that the note was void for want of consideration.

At the trial in the superior court, before *Scudder*, J., the plaintiff produced the note, and the defendant admitted that it was in fact signed and witnessed as it purported to be ; whereupon the plaintiff rested her case.

The defendant then put in evidence certain interrogatories to the plaintiff, and her answers thereto ; by which it appeared that the plaintiff's maiden name was Richmond ; that before 1847 she was married to Alfred Baylies, who died in that year, and in 1867

she was married to her present husband, Gaius Dean; that West was never married, and died in 1869; that during the plaintiff's widowhood she followed the occupation of a needlewoman and lived in Taunton, where West also resided part of the time; that she had known West all her life, and was connected with him by marriage, her father, after a previous marriage of which she was the issue, having married West's sister; that, at or about the time of the date of the note, Swasey (the witness of the note) handed her a sealed envelope, on the outside of which was written: " Mrs. Jane I. Baylies. I do not wish you to open this until my decease. S. C. W."; that she opened the envelope for the first time after West's death, and found therein a piece of paper, on the upper part of which the note was written, and on the lower part these words: " August 15, 1857. Dear Jane, Please accept the above from your true friend S. C. W.; " and that she gave notice of the note to West's administrator, immediately after his appointment.

It further appeared by the interrogatories and answers, that during a portion of the time while West resided at Taunton he employed the plaintiff to make his underclothes and mend his clothes, and she did so; that he boarded there at a hotel, but frequently took meals at the plaintiff's house, prepared by her, and for seven years was accustomed to eat supper there on Sundays; that he came to her house almost every evening for an hour or two, and played with her children; that he occasionally gave her children small sums of money for services done for him, as for instance to her two boys five cents each on Sunday evenings for coming for him to go to her house to supper; that he occasionally made gifts of small value to the plaintiff, as for instance of a coal scuttle and a picture of Faith, the former at Christmas; and that he always paid her for the underclothes which she made for him; but the plaintiff was unable, after such a lapse of time, to state the times or amounts of such payments. It did not distinctly appear by them what part of the period between the death of the plaintiff's first husband in 1847 and her second marriage in 1867 was covered by West's residence in Taunton, nor what relation in time the date of the promissory note bore to that residence,

or to the services rendered by her to him ; and it appeared that West died in a lunatic hospital in South Boston.

The plaintiff then called a witness to the fact that West had no relatives by blood in Taunton, nor any connection by marriage there nearer than the plaintiff ; and this closed the evidence.

The defendant thereupon requested the following among other rulings : " That upon the whole evidence the plaintiff cannot maintain this action, because the evidence shows that the note was given as a gift to the plaintiff, and there was no valuable consideration therefor." The judge refused so to rule, and submitted the case to the jury, who returned a verdict for the plaintiff, and the defendant alleged exceptions. The interrogatories and answers, of which the substance is given above, were annexed in full to the bill of exceptions.

*R. D. Smith & W. W. Carruth,* for the defendant.

*C. I. Reed,* (*J. H. Dean* with him,) for the plaintiff.

COLT, J.   All the evidence upon which this case was submitted to the jury is reported. The court was asked to rule at the trial, as matter of law, that the plaintiff could not maintain the action upon this evidence, on the ground that no consideration was shown for the note declared on ; and exception is taken to the refusal so to rule. Under instructions which were not otherwise objected to, the jury found for the plaintiff ; and the verdict must stand, unless we can say, as matter of law, that there was no evidence in the case to warrant it.

The weight or sufficiency of the evidence is not here to be considered as upon a motion for a new trial. The question, upon exceptions so taken, is whether there is any evidence, however slight, upon which a verdict could be legally rendered for the plaintiff. If there is, it is enough, although contradicted and apparently controlled by the other evidence in the case. *Forsyth* v. *Hooper,* 11 Allen, 419.   *Robbins* v. *Potter,* 98 Mass. 532.

In an action upon a promissory note, whether negotiable or not, the plaintiff sustains the burden of proof by producing the note and proving its execution. It is evidence, under the hand of the promisor, of a contract made upon a good consideration, even if the words " value received " are omitted. *Townsend* v. *Derby,* 3 Met. 363. *Burnham* v. *Allen,* 1 Gray, 496.

In the opinion of the court, the evidence thus afforded, in the case at bar, by the production of the note, is not defeated in its effect by the words "Dear Jane, Please accept the above from your true friend S. C. W.," which were written upon the lower part of the paper upon which the note was written. We cannot say, as matter of law, that these words show the note to have been only a gift. They are consistent with a purpose to make it a more liberal compensation for services rendered than the plaintiff had expected, or a desire on the part of the maker to have it accepted instead of the money. Nor is the request, indorsed upon the envelope in which the note was sent, that it should not be opened until the maker's decease, decisive upon the question whether there was a valuable consideration. Nor do these memoranda, with the note so delivered, constituting one transaction and construed together, as a matter of legal interpretation signify that the note was a mere gift.

The other evidence upon which the defendant relies is found in the plaintiff's answers to interrogatories filed and put into the case by the defendant. In these interrogatories she is not directly asked as to the consideration, but is inquired of as to her relations with the defendant's intestate during his life, which are gone into with some detail ; and from her answers no doubt there is room for argument that the note was a mere gift. On the other hand, there are statements from which it may be inferred that some of the work, done by her at his request, was never paid for in any other way. If the jury were satisfied, upon the whole case, including the note itself, that it was given in payment for services rendered, however disproportioned in value, then their verdict was right. Inadequacy of consideration, without fraud, is no defence. There was no error in declining to give the instruction asked. *Exceptions overruled.*