(December 14, 1898.)

## DEEDS v. STRODE.

[55 Pac. 656.]

ILLEGAL MARRIAGE—DIVORCE—DAMAGES.—Plaintiff, a married woman having a husband from whom she had never been lawfully divorced, married defendant; the latter marrige having been declared null and void, plaintiff brings action to recover damages from defendant for injuries alleged to have been received by her from defendant while they were cohabiting together, by reason of the defendant's having inoculated her with a venereal disease.  *Held*, that it not appearing that defendant had induced plaintiff to enter into marital relations with him by any fraud, deceit or misrepresentation, no recovery could be had.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett and E. J. Dockery, for Appellant.

It is a universal rule urged by the defendant's counsel, and admitted by the plaintiff, that no action exists in favor of the wife for an injury done her by her husband, however grievous. A different rule, however, applies in case of a marriage being declared a nullity, as in this case.   "The parties stand as if they had always remained single."   "The woman is relieved of her incapacity to sue and be sued."   If the woman is entrapped into a void marriage, she may recover damages for that tort.   (Nelson on Divorce and Separation, sec. 1023.) So the wife, it is held, cannot sue for wages, but her remedy is in tort for the damages done her.   (Nelson on Divorce and

Separation, sec. 1023; *Robbins v. Potter*, 98 Mass. 532; *Blossom v. Barnett*, 37 N. Y. 434, 97 Am. Dec. 747; *Cooper v. Cooper*, 147 Mass. 370, 9 Am. St. Rep. 721, 17 N. E. 892.) The law implied a promise to pay for services where the wife was led into the marriage relation by fraud. (*Higgins v. McNally*, 9 Mo. 493.)

W. E. Borah, for Respondent.

The plaintiff at the time she received her alleged injuries occupied, in contemplation of law, one of two positions: she was either the wife of the defendant and must be treated as such in this action, or she was living with him in voluntary violation of law, both statutory and moral. She could occupy no modified ground, although she says in her complaint she "truly believed she was his wife." As a matter of law, she could not truly believe it, and, as a matter of fact, she knew her divorce was through fraud; yet, even if she did truly believe it, this would not change the law of the case. If she could be treated as the wife of the defendant for the purposes of action, she could not have a cause of action against her husband for tort. (*Banfield v. Banfield*, 117 Mich. 80, 72 Am. St. Rep. 550, 75 N. W. 287; *Abbott v. Abbott*, 67 Me. 304. 24 Am. Rep. 27; *Peters v. Peters*, 42 Iowa, 182; *Frethy v. Frethy*, 42 Barb. 641; *State v. Oliver*, 70 N. C. 60; Cooley on Torts, 2d ed., 216; *Nickerson v. Nickerson*, 65 Tex. 283.) Under our statute the plaintiff, Flora A. Deeds, was guilty of bigamy at all times while she was living with Strode, and could have been convicted as a bigamist; in other words, she was living in open violation of law. (Idaho Rev. Stats., secs. 6805, 6806; *Davis v. Commonwealth*, 2 Am. Cr. Rep. 163.) The principle to be extracted from all the cases is that the law will not lend its support to a claim founded upon its violation. (*Hall v. Coppell*, 7 Wall. 244; *Holt v. Green*, 73 Pa. St. 198, 13 Am. Rep. 737.)

HUSTON, J.—This is an action for damages brought by the plaintiffs, husband and wife, against the defendant. A demurrer was interposed by the defendant to the complaint of

the plaintiff upon the ground that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was sustained, and from the judgment entered thereon this appeal is taken.

This action is brought by and for the benefit of the plaintiff, Flora A. Deeds. The complaint states that said Flora A. and her said husband "have, by mutual agreement and understanding, lived separate and apart from each other for more than seven years last past," and "that plaintiff Rufus M. Deeds is made a party hereto by reason of his being the husband of the plaintiff, Flora A. Deeds, and for that reason only." The complaint further states that in the year 1890, at the town of Eugene, in the state of Oregon, plaintiff, Flora A. Deeds, and her said husband, Rufus M., separated, and have since that time lived separate and apart from each other; that in February, 1892, the plaintiff, Flora A. Deeds, commenced suit in the district court for Ada county, Idaho, against her said husband to procure a divorce; that such proceedings were had in said suit that on the twenty-second day of December, 1892, a judgment and decree were entered in said court pretending to grant a decree of divorce to said plaintiff, Flora A. Deeds, from the said Rufus M. Deeds; that on the thirty-first day of October, 1893, at Boise City, in Ada county, Idaho, the plaintiff Flora A. Deeds, believing, by reason of the judgment and decree hereinbefore referred to, that she was a single woman, and no longer the wife of plaintiff, Rufus M. Deeds, at the solicitation and request of the defendant assented to a marriage ceremony being performed between them, and they were at said time and place married, and from that time, and at all times until the twenty-sixth day of February, 1897, lived together in Ada county as husband and wife; that on the fourteenth day of May, 1897, the plaintiff, Flora A. Deeds, still believing she was the wife of defendant, and that the decree and judgment hereinbefore referred to granting a divorce from her said husband, Rufus M. Deeds, was in full force and effect, commenced in the district court for Ada county, Idaho, an action for divorce against the defendant herein, alleging as the basis and grounds of said divorce cruel and inhuman

treatment on his part. Defendant filed a cross-complaint in said action, alleging that the marriage between himself and the said plaintiff, Flora A. Deeds, was null and void, among other things, because the court, in granting the divorce between herself and plaintiff, Rufus M. Deeds, had no jurisdiction to make or enter such judgment and decree; whereupon, and on the twenty-ninth day of November, 1897, and after said cause had been heard and determined in said district court, said court rendered its judgment, deciding, among other things, that the judgment and decree in said cause of Deeds against Deeds was null and void, and appeal from said judgment of the district court to the supreme court of the state of Idaho was taken by said Flora A. Deeds, and the said judgment and decree of the district court was by said supreme court affirmed (*Strode v. Strode,* ante, p. 67, 52 Pac. 161) ; that while the plaintiff, Flora A. Deeds, was living with the defendant as his wife aforesaid, and believing herself to be his wife as aforesaid, and in the month of May, 1895, in Ada county, state of Idaho, the defendant, without fault of said plaintiff, and without her knowledge, connivance, privity, or consent, became affected with a certain loathsome and infectious disease, commonly and generally known as gonorrhea, and communicated said disease to plaintiff, and infected her therewith. . The complaint then goes on to elaborate the sufferings of plaintiff by reason of said disease. and the neglect and ill-treatment of her by the defendant, and closes with a demand for damages in the sum of $25,000.

It does not appear that the defendant in any way misled the plaintiff, that he made any false representations to her, or practiced any fraud upon her, to induce her to enter into the marriage relation with him. If there was fraud or deceit practiced in bringing about the relation, it was presumably, under the statements in her complaint, attributable to the plaintiff. She was the incapacitated party. It was by her procuration—upon her motion—that the pretended divorce from Deeds, her former husband, had been procured. She was in a position to know, and is presumed to know, whether that divorce was legal or not; whereas the defendant cannot be presumed to have any knowledge or information upon that sub-

ject.  There is no allegation in the complaint that defendant knew of the existence of the divorce in Deeds against Deeds. The plaintiff, holding herself out as one capacitated and qualified to enter into the marriage relation, accepted the proposals of the defendant to, and did, enter into such relations with him.  Her act was at least a fraud upon the defendant.  Plaintiff claims that by, through, and in consequence of said relations she has been damaged, and asks the court to award her compensation for such damage.  We know of no principle of law or equity which will support this contention.  Appellants' counsel cite Nelson on Divorce and Separation, section 1023. The language there used is as follows: "The woman is relieved of her incapacity to sue and be sued.  She may sue the man who has entrapped her into a void marriage, and compel him to account for rents and profits of property he took under such marriage.  Where a woman is induced by fraud and deceit to enter into a void marriage, she may recover damages for such tort without first having the marriage annulled."  This may be accepted as a correct statement of the law; but how is it made applicable to the case made by the record under consideration?  The plaintiff has undoubtedly the right to sue and be sued, but to avail herself of that right she must, like every other person, have a cause of action.  There is no question of property rights involved in this case.  It is not claimed that the plaintiff brought to the community any estate or property whatever, or that the defendant derived any pecuniary benefit from said relation.  The complaint alleges that the defendant is the owner and possessed of property of the value of $150,000.  It is not claimed or pretended that the plaintiff was "induced by fraud and deceit to enter into a void marriage."  The case of *McDonald v. Fleming,* 12 B. Mon. 285, cited in note to section 1023 of Nelson on Divorce and Separation, was one in which the parties, after having cohabited together as husband and wife for several years, separated, and the woman brought action to recover for her services during the time of such cohabitation, and also for money advanced by her to the defendant for the purchase of certain real estate. The court held that, while she could not recover for services,

she might for the money advanced, and so decreed. The parties in that case were *in pari delicto.* While this decision supports the text in Nelson, it has no application to the facts in the case at bar. *Blossom v. Barrett,* 37 N. Y. 434, 97 Am. Dec. 747, cited by appellants in their brief, was an action brought by the plaintiff to recover damages of the defendant for fraudulently inducing the plaintiff to marry the defendant, and to cohabit with him, he having another wife living, from whom he was not lawfully divorced, and the defendant being at the time incapacitated to marry anyone while his prior wife was living." The plaintiff's right to recover in that case was based upon the fraud of the defendant. It could not be considered an authority in support of the contention of the plaintiff in this case. In *Robbins v. Potter,* 98 Mass. 532, cited by appellants, the plaintiff sued to recover money advanced to defendant by her while they were living together as husband and wife under a marriage which both parties knew to be void. The court in that case held, in substance, that while the plaintiff would not be allowed to recover for services rendered to defendant during the existence of the illegal relation between them, still she could recover for money loaned defendant during that period, and which he had expressly contracted to pay. *Cooper v. Cooper,* 147 Mass. 370, 9 Am. St. Rep. 721, 17 N. E. 892, cited by appellants, was an action for services—held no recovery could be had. The case of *Higgins v. Breen,* 9 Mo. 497, is not in point—another case of fraud by defendant. We have examined carefully all of the cases cited by counsel, and have found not one which supports, even by implication, the contention of appellants. Cooley on Torts, page 279, has under the head of "Fraudulent Marriage," the following: "A serious wrong can be accomplished by inducing anyone, through misrepresentation and fraud, to enter into an illegal marriage. . . . . The tort in such a case consists in the fraud accomplished, to the woman's serious, and perhaps permanent, injury." Counsel for appellants insist that, the injury of which plaintiff complains having been the result of the wrongful act of defendant, plaintiff should be entitled to recover therefor, the same as though defendant had assaulted or

poisoned her. We do not recognize the parallel contended for. The injury complained of in this case could scarcely have arisen but for the illegal relations existing between the parties, and such relations were entered into voluntarily by plaintiff, and were not induced by any fraud or misrepresentation on the part of the defendant; and the plaintiff's incapacity to enter into marriage relations constituted the illegality. The injury was consequent upon her own illegal act, and we know of no principle of law authorizing recovery for injuries in such a case. Judgment of the district court affirmed, with costs to respondent.

Sullivan, C. J., and Quarles, J., concur.