Points Decided.

(May 9, 1914.)

# H. W. SOULE, Trustee for the ASHTON HARDWARE & IMPLEMENT COMPANY, a Corporation, Bankrupt, Respondent, v. FIRST NATIONAL BANK OF ASHTON, a Corporation, Appellant.

[140 Pac. 1098.]

ERRONEOUS INSTRUCTIONS — REQUISITE PROOF — INTENT — BURDEN OF PROOF—STATUTE REPEALED—ADMISSION.

1. Instructions examined and found erroneous.

2. In an action by a trustee of a bankrupt estate to set aside a transfer on the ground that a preference has, by such transfer, been created within the inhibition of the act of Congress, and the several acts amendatory thereof, to establish a uniform act of bankruptcy in the United States, said trustee must prove by sufficient evidence that the bankrupt (1) while insolvent, (2) within four months of the bankruptcy, (3) made the transfer in question, (4) that the creditor receiving the transfer will be thereby entitled to obtain a greater percentage of his debts than other creditors of the same class, and (5) that the creditor had reasonable cause to believe that the enforcement of such transfer would effect a preference.

3. In an action of this character an inquiry as to the intent of the bankrupt to effect a preference is not necessary.

4. The burden of proof that the creditor had reasonable cause to believe that the enforcement of a transfer would effect a preference is upon the trustee.

5. An instruction based upon a legislative enactment which had theretofore been repealed, and which was not then in force, is error.

6. Instruction based upon lack of denial, and admission thereby made, examined and found sufficient.

APPEAL from the District Court of the Ninth Judicial District for Fremont County. Hon. James G. Gwinn, Judge.

Action to recover the value of notes and money, and to set aside the transfer of the same as a preference prohibited by the bankruptcy act. Judgment for plaintiff. Defendant appealed. *Reversed.*

N. D. Jackson, for Appellant.

The right of the trustee in bankruptcy to avoid a preference is made to depend not upon the fact that the preference was given, but upon the knowledge of the person receiving. (*Coder v. Arts*, 213 U. S. 223, 29 Sup. Ct. 437, 53 L. ed. 772, 16 Ann. Cas. 1008.)

Soule & Soule, for Respondent.

In a case where a fact is alleged in the complaint and not denied in the answer, the jury should be instructed that the fact is admitted in the pleadings (where the pleadings are verified as they are in this case). (*Tevis v. Hicks*, 41 Cal. 123; *Irwin v. Buffalo-Pitts Co.*, 39 Wash. 346, 81 Pac. 849; *Landers v. Bolton*, 26 Cal. 393; *Baker v. Baker*, 13 Cal. 87, 98.)

"The rules of pleading, under our system, are intended to prevent evasion, and to require a denial of every specific averment in a sworn complaint, in substance and in spirit, and not merely a denial of its literal truth, and whenever the defendant fails to make such denial, he admits the averment." (*Higgins v. Wortell*, 18 Cal. 333; *Woodworth v. Knowlton*, 22 Cal. 164, 169; *Landers v. Bolton*, 26 Cal. 417; *Camden v. Mullen*, 29 Cal. 564; *Blood v. Light*, 31 Cal. 115; *Marsters v. Lash*, 61 Cal. 622.)

WALTERS, District Judge.—This action was brought in the trial court by H. W. Soule as trustee for the Ashton Hardware and Implement Company, a bankrupt, as plaintiff, against the First National Bank of Ashton, as defendant.

The complaint charges that certain notes and moneys of the property of the hardware and implement company were placed in the hands of defendant bank for safekeeping pending settlement and payment of the claims of the creditors of the hardware and implement company, and that within four months prior to the institution of the bankruptcy proceedings, the defendant bank conspired with the hardware and implement company and converted the notes and money to its

own use, and refused, upon demand, to deliver the same to the trustee; that said act of conversion thus created the defendant bank a preferred creditor in violation of the act of Congress of the United States to establish a uniform act of bankruptcy. Plaintiff asks for judgment against defendant for the value of the notes and money and that the transfer of the same be set aside as a preference prohibited under said bankruptcy act.

(1) After answer the cause was tried to a jury and judgment rendered in favor of the plaintiff as prayed for. The defendant appeals and assigns as error the giving of certain instructions by the court.

Instructions Nos. 3 and 6 were in part, and as objected to, as follows:

"3. You are therefore instructed that if you find that the notes in question in this case were not transferred and assigned by the bankrupt company to defendant in good faith and four months prior to the date of filing the petition in bankruptcy and that defendant refuses to account for them to plaintiff, then the plaintiff is entitled to recover their value in this action, and if you find that the money in question was not placed in defendant bank in the regular course of business as hereinafter defined, but was placed therein for the benefit of all creditors, then the title to the same is also in the plaintiff and he is entitled to recover the same in this action."

"6. You are further instructed that where a preference, as defined in the last instruction, is given by a bankrupt to one creditor over other creditors, that it is the duty of the trustee of the bankrupt to take such proceedings as may be necessary to set such preference aside, and any property that is taken by one creditor from the bankrupt which creates or will operate as a preference as defined in the last instruction, takes the same subject to the title of the trustee to recover the property or its value to be taken back into the estate of the bankrupt and distributed as provided under the bankrupt act. And, if you find from the evidence that within four months before the filing of the petition in the bankruptcy proceedings the bankrupt made a transfer of the notes in

question to the defendant and the effect and force of such transfer would be to enable the bank to obtain a greater percentage of the debt due the bank than any other such creditor of the same class, then you are instructed that such transfer is void, and that the plaintiff is entitled to recover the said property, or its value from said defendants in this proceeding.''

It is objected by the appellant that said two instructions are at fault in that they do not take into consideration the provisions of subdiv. ''b'' of sec. 13 of chap. 487 of the Laws of the 57th Congress, approved February 5, 1903 (32 U. S. Stats. at L. 797), amending sec. 60 of the old act and defining the conditions under which a preference shall be voidable by the trustee, said subdiv. ''b'' being in part as follows:

''b. If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. . . . . ''

Appellant urges that instructions 3 and 6, *supra,* should, because of the provision last quoted, be qualified by requiring, before the trustee can recover, proof that the defendant bank ''had reasonable cause to believe that it was intended thereby to give a preference,'' and that such omission constitutes a fatal defect.

It is asserted by counsel for appellant, and conceded by counsel for respondent, that subdiv. ''b'' of sec. 13, *supra,* was the law at the time this action was instituted, but our investigation has led to the discovery that such was not the law, inasmuch as said subdiv. ''b,'' upon which counsel rely, was further amended by chap. 412 of the Laws of the 61st Congress, approved June 25, 1910 (36 U. S. Stats. at L. 838), which amendment was in force a year prior to the institution of the bankruptcy proceedings involved herein, and almost three years prior to the trial of this action, and was a part of the law to be followed by the trial court in this action.

Said subdiv. ''b,'' as amended by sec. 11 of chap. 412 of the Laws of the 61st Congress, approved June 25, 1910, in so far as the same is pertinent to this inquiry, is in language as follows:

''If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, *and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference,* it shall be voidable by the trustee and he may recover the property or its value from such person. . . . . ''

It will be noted that while the trial court in instructions 3 and 6 advised the jury under what circumstances the transfer in question would be void and the plaintiff entitled to recover, the statement is entirely omitted that before such transfer would be void and the plaintiff entitled to recover, that it must also be proven by plaintiff that the defendant bank ''had reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference.''

(2) In other words, the plaintiff in this case, before a right of recovery can be had must prove by sufficient evidence not only that the bankrupt (1) while insolvent, (2) within four months of the bankruptcy (3) made the transfer in question, and (4) that the creditor receiving the transfer will be thereby entitled to obtain a greater percentage of his debt than other creditors of the same class (*Kimmerle v. Far,* 189 Fed. 295, 111 C. C. A. 27), but must also in addition prove (5) that the creditor ''had reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference.''

The jury was not advised that the plaintiff's right of
recovery was predicated also upon this last requirement, and
they were thus permitted to find a verdict against defendant
upon an insufficient and an incorrect statement of required
proof.

(3) It will be noted that prior to the amendment of 1910,
in an action of this character, the intent of the bankrupt
to effect a preference must be shown, but that by said amend-
ment such proof is not now required.    This statement finds
expression in 1 Loveland on Bankruptcy, 978, in the follow-
ing language:

"Prior to the amendment of 1910 the intent of the bank-
rupt to prefer was essential to a preference. '

"The act as originally passed, and as amended in 1903,
included as an element of voidable preference that the credi-
tor 'had reasonable cause to believe that it was intended
thereby to give a preference.'    This language was held to
imply that the debtor must intend the transfer to be a pre-
ference at the time it was made.    The intent of the bankrupt
might be presumed from the necessary result of the transac-
tion.

"This language of section 60 of the act was changed by the
amendment of 1910 to 'had reasonable cause to believe the
enforcement of such judgment or transfer would effect a
preference.'    This makes the intent of the debtor immaterial.
The test is clearly the effect of the transaction without regard
to the intent of the debtor."

(4) In reference to the burden of proof as to the reason-
able cause of belief that the enforcement of a contested
transfer would effect a preference, it is stated in 3 Remington
on Bankruptcy, 419, that "the burden of proof of the exist-
ence of the reasonable cause of belief is on the trustee"; citing
*Getts v. Janesville Grocery Co.,* 163 Fed. 417; *Calhoun County
Bank v. Cain,* 152 Fed. 983, 82 C. C. A. 114.

(5) It is urged by counsel for plaintiff, respondent here,
that the error complained of in instructions 3 and 6 is cured
by instruction 16 given by the court to the jury, which is as
follows:

"The mere giving of a preference to a creditor of the bankrupt within four months of the filing of a petition in bankruptcy, or after the filing of a petition in bankruptcy, does not make the preference void, and it is not even voidable unless the creditor or his agent acting therein had reason to believe that it was intended thereby to give a preference."

Counsel for respondent urge that this instruction is drawn in conformity with the amendment of 1903, *supra,* and read with instructions 3 and 6 makes a sufficient statement of the law.

A sufficient answer to such contention is that instruction No. 16 did not contain a correct statement of the law for the control of this case, by reason of the amendment of said subdivision "b" made in 1910 and hereinbefore discussed.

(6) The plaintiff alleges the value of the notes, by the collection of which, by defendant, it is charged a voidable preference was created, is the sum of $1,800. For the failure on the part of the defendant to deny the value of said notes as laid in the complaint, the court charged that the value of the same was by defendant admitted.

Appellant assigns the giving of this instruction as error, maintaining that the answer sufficiently denied the value of said notes.

We have examined the pleadings and the instruction in question and find no error in the giving of the same.

Inasmuch as counsel for the parties hereto were each in error as to the law applicable to a case of this nature at the time of trial, it quite naturally followed that the trial court erred in the instructions given, and it appearing that such error is prejudicial to the rights of the appellant, this judgment must be reversed and the cause remanded for a new trial. Costs will be awarded to appellant.

Ailshie, C. J., and Sullivan, J., concur.