229 P.2d 1000

**ELLIOTT** et ux. v. **LEE** et ux.

No. 7627.

Supreme Court of Idaho.

April 6, 1951.

Merrill & Merrill, Pocatello, Frank H. Joseph, Weiser, for respondent.

Welker & Daniel, Payette, Donart & Donart, Weiser, for appellant.

GIVENS, Chief Justice.

Appellants, husband and wife, because of marital community, as plaintiffs sued defendants for like reason and on the theory, undisputed, that Mrs. Lee was her husband's agent in driving his automobile, for an intersection collision alleging Mrs. Lee's detailed negligence was the proximate cause of the ensuing damage to Mrs. Elliott, which was a fractured third metacarpal bone in her right hand and bodily bruises, and for damages to appellants' car.

Respondents denied any negligence on the part of Mrs. Lee and affirmatively charged Mrs. Elliott with contributory

negligence. The jury rendered a verdict for respondents with this addenda: "due to lack of evidence." The trial court denied appellants' motion for a new trial. Appellants' assignments of error are in substance but two: the court's refusal to give their requested instruction No. 1[1] and in instructing on contributory negligence, appellants contending there was no evidence thereof.

Mr. and Mrs. Elliott and Mrs. Lee were the only eye-witnesses of the actual collision of the automobiles. Some of the other witnesses heard the noise of the impact, but arrived at the scene of the accident after the collision.

Mrs. Elliott testified that about five o'clock in the afternoon of March 4, 1949, she was driving easterly on West Idaho Street in Weiser in appellants' automobile at about seven to ten miles per hour, when about 35 to 40 feet west of the intersection of West Idaho Street and 4th Street West—which extends roughly north and south, neither being a through street— she saw Mrs. Lee driving her automobile south on 4th Street West about 50 to 60 feet from the intersection, faster than Mrs. Elliott was driving her car. Mrs.

Elliott slowed down, shifted into second gear, but did not stop. Mrs. Lee did stop. Mrs. Elliott then proceeded on through the intersection. Mrs. Lee immediately started a left-hand turn into the intersection and the cars collided past the intersection, almost on the east crosswalk on the south or Mrs. Elliott's right-hand side. Mrs. Lee got out of the car and said: "I am so sorry; it is all my fault. The sun completely blinded me." Then Mrs. Elliott detailed her injuries, treatment and prolongation of her disability, further elucidating on cross examination that the accident occurred completely through the intersection at the east cross line; that the front bumper and right fender of the Lee car hit the fender and front end of the radiator of the Elliott car; that before the police arrived she had pulled her car about five feet back from where the cars stopped after the collision.

Mr. Elliott, who evidently was standing a little east of the eastern crosswalk of the two Streets involved, waiting for his wife to come and pick him up, testified he saw both cars coming from their respective directions; that Mrs. Elliott

1. "You are instructed that the testimony of the defendant, Jackie Lee, whose true name is Ethel Lee, is to the effect that when she reached the intersection of West Fourth Street and West Idaho Street, that the sun obscured her vision to the extent that she was unable to see a car approaching on West Idaho Street, from the West;

"You are further instructed that because of the fact that her vision was so obstructed it was incumbent upon her to use a greater degree of diligence and caution before driving her car on to West Idaho Street than she would have been required to use if her vision had not been so obstructed." Requested Instruction No. 1.

slowed down intending to pick him up; the Lee car stopped, his wife's car continued on; the Lee car started up, took a turn and collided into the left front fender of the Elliott car; that Mrs. Lee said: "I did not see the other car as the sun blinded me." That when his wife tried to pull the cars apart, she could not, the Lee car's bumper being under the fender and into the frame of the Elliott car and back of the wheel in front of the left side of the Elliott car; that the left front fender, the grill and the wheel of the Elliott car were so out of line it could not be steered and the right front fender of the Lee car was damaged. At the time of the impact, the Lee car was curving toward the left on the east side of the street; the two cars came together where the east sidewalk crossed in line with the corner.

Mrs. Lee testified that as she approached West Idaho Street, she looked to the right and left and stopped there, then went directly through to the highway; that she did not see any car approaching; that the sun was right in her eyes; that after proceeding into the intersection, she suddenly saw the Elliott automobile, applied her brakes and pulled to the left, but too late to avoid a collision; that the front bumpers and front fenders of the two automobiles came together; that it was not a head-on collision, but side to side; that when the two cars came to a stop, they were practically in the intersection; that when the police arrived Mrs. Elliott had backed her car a little to the west and the cars were then completely separated; that before entering the intersection, she had not intended to turn to the left and, therefore, gave no signal of such intention; that she did not see the Elliott car because the sun was in her eyes and she did not have any idea there was a car near at the time; that she drove very slowly into the intersection; that she looked both to the right and then to the left and she told the witnesses she was blinded by the sun; she did not remember saying it was her fault; that she proceeded into the intersection after she had stopped her car.

Mr. C. Van Buskirk testified he heard Mrs. Lee say: "I stopped, but I went on and could not see for the sun and it was my fault."

Mr. Harry Moffatt testified he heard Mrs. Lee say the sun was shining in her eyes and she could not see. Mrs. Elsie Bower testified she heard Mrs. Lee say she did not see the other car on account of the sun.

We have held it is not error to refuse to give an instruction which contains in whole or in part a statement of or comment on the effect or the weight of evidence. State v. Cosler, 39 Idaho 519 at page 526, 228 P. 277; Quillin v. Colquhoun, 42 Idaho 522, 247 P. 740; Al-

brethson v. Carey Valley Reservoir Co., 67 Idaho 529 at page 538, 186 P.2d 853. On the other hand, this court in line with what appears to be the majority and universal rule, has held that an otherwise correct instruction which contains a statement of fact admitted by the pleadings or consisting of uncontroverted and undisputed evidence, is not erroneous. Soule v. First Nat. Bank, 26 Idaho 66, 140 P. 1098; Willi v. Schaefer Hitchcock Co., 53 Idaho 367, 25 P.2d 167; Eysenbach v. Farmers' & Merchants' Bank of Winnett, 164 Okl. 127, 23 P.2d 190; Thornton v. Eneroth, 180 Wash. 250, 39 P.2d 379, 48 P.2d 1120; Wolff v. First Nat. Bank of Winslow, 47 Ariz. 97, 53 P.2d 1077; McPherson v. Toyokaicho Wakamatsu, 188 Wash. 320, 62 P.2d 732; Smith v. Western Pacific R. Co., 36 Cal.App.2d 433, 97 P.2d 863.

The proposition of law contained in the requested instruction has, in substance, been approved by this court in Maier v. Minidoka County Motor Co., 61 Idaho 642 at page 659, 105 P.2d 1076; and Pittman v. Sather, 68 Idaho 29, 188 P.2d 600.

■ The general instructions on negligence as given were correct as far as they went, but they did not cover this particular phase and, therefore, it was prejudicially erroneous not to give it. Landholm v. Webb, 69 Idaho 204, 205 P.2d 507.

■ To sustain appellants' contention that the instruction on contributory negligence was incorrectly given we must hold from the above evidence that as a matter of law it shows entire freedom from contributory negligence of Mrs. Elliott and that there was no opportunity for reasonable minds to differ. The following is a full and correct statement of the applicable criteria: "The question of contributory negligence is for the jury, and never one of law, unless the facts alleged in the complaint or proven are reasonably susceptible of no other interpretation than that the conduct of the injured party caused, or contributed to, his injury, and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under like circumstances. (Cases.) 'All that can be said is that, unless the question of negligence is free from doubt, the court cannot pass upon it as a question of law; that is, if after considering all the evidence and the inferences that may be deduced therefrom the court is in doubt whether reasonable men, in viewing and considering all the evidence, might arrive at different conclusions, then this very doubt determines the question to be one of fact for the jury and not one of law for the court. The court can pass upon the question of negligence only in clear cases. All others should be submitted to the jury. The reason of this is apparent from the fact that in this state all questions of fact are for the jury; and therefore, unless it is clear that in viewing and considering the evidence reasonable

minds might not arrive at different conclusions, the case should go to the jury.'" Dept. of Finance v. Union Pac. R. R. Co., 61 Idaho 484 at page 499, 104 P.2d 1110, 1116.

The variables presented in the testimony of appellants, respondent and witnesses attendant at the time and place of the accident or immediately thereafter, involved the speed of both cars, where appellants' car was when Mrs. Elliott first saw Mrs. Lee; where Mrs. Lee first stopped her car before entering the intersection; what they both saw as to the impending situation between the two automobiles; what they could or should have seen; the manipulation of their cars before, at the time they entered the intersection, and thereafter and what a reasonably prudent person could or should have seen and done under like circumstances. All of which, though the variation between the relative testimony of all the witnesses may have been slight in certain particulars, harmonious or without conflict in others, presented ultimate issues of fact for the jury and we cannot say there was no substantial evidence from which the jury could not have reasonably concluded that Mrs. Elliott was guilty of contributory negligence. Or otherwise expressed, that as a matter of law, she was so free from contributory negligence as to not authorize the giving of the instruction with regard to contributory negligence. Baldwin v. Ewing, 69 Idaho 176 at page 181, 204 P.2d 430.

Futhermore, while we realize the distinction between the force and effect of an order granting a new trial and one denying a new trial, MacDonald v. Ogan, 61 Idaho 553 at page 556, 104 P.2d 1106, both involve the discretion of the trial court and unless it is shown the trial court abused his discretion, his order will not be reversed. Hall v. Johnson, 70 Idaho 190, 214 P.2d 467; Baldwin v. Ewing, supra. The trial court first exercised his discretion by giving the instruction on contributory negligence, and second in denying the new trial. He saw and heard the witnesses, their description of the locale of the accident, and was in a better position to determine whether the question of contributory negligence should be decided by a jury than we are.

Judgment reversed with directions to grant a new trial. Costs to appellants.

PORTER, TAYLOR, and KEETON, JJ., concur.

McDOUGALL, District Judge, dissents.