262 P.2d 1012

McNICHOLS et ux. v. J. R. SIMPLOT
CO. et al.

No. 7863.

Supreme Court of Idaho.

Oct. 10, 1953.

Rehearing Denied Nov. 17, 1953.

Black, Black & Oliver, R. Don Bistline, Pocatello, for appellants.

O. R. Baum, Ruby Y. Brown, Darwin D. Brown, Jones, Pomeroy & Jones, Phillips & Haight, Pocatello, for respondents.

producing commercial phosphate fertilizer, commencing operation thereof in December of the same year, and enlarging the plant in 1947.

Appellants, in 1940, purchased some three acres of land northeast of respondents' property and separated therefrom by the Union Pacific R. R. Company's east and west main line, and the State Highway; remodeled a residence thereon and began to occupy it about April 1946 and at the same time started construction of a building for a night club on the property a short distance north of the south line thereof, costing complete with fixtures, etc., around $209,-000. The front of the Frontier Club (appellants' property) is several hundred feet distant from the Fertilizer plant.

About August 23, 1948, appellants sued to abate the plant as a nuisance, because of the dust, smoke, vapors, fumes, odors, smell, etc., from the plant wafted by the prevailing winds blowing from the southwest onto, over and across appellants' property; and also asked for damages from loss of business and customers, of $100,000; for the depreciation of the premises, $125,000; loss of trees and plants, $199; extra wages for cleaning the building, windows, etc., $5,000; loss of a neon sign, $2,907; and for an abating injunction perpetually restraining and enjoining respondents from operating the plant.

GIVENS, Justice.

Trial before a jury, requested by appellants, resulted in a verdict of no damages. The appeal is from the judgment based on

May 1944 respondents purchased eleven acres and constructed thereon a plant for

**324**

such verdict, orders denying an injunction and motion for a new trial.

We are here dealing not with a nuisance per se, but an alleged nuisance per accidens. Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695.

Appellants' assignments of error, Nos. 1, 2, 5 and 6, challenge the verdict as contrary to and unsupported by evidence of non-liability. The judgment being reversed and cause remanded for new trial on other grounds, we will not discuss the sufficiency or applicability of the evidence, except as hereinafter essential.

Assignments 3 and 4 urge the trial court should have made findings of fact, conclusions of law independent of and subsequent to the verdict, and granted an injunction.

At appellants' insistence, the action was tried as a unit, without reservation, before a jury. Nevertheless, the injunctive feature was for the court in equity. State v. Sawtooth Men's Club, 59 Idaho 616, 85 P. 2d 695; State v. Snoderly, 61 Idaho 314, 101 P.2d 9.

Conceding the jury, as to the injunctive feature, would only be advisory, the court might have adopted the verdict as the basis for his discretionary action on the injunction, but it would not be binding on him and independent findings and conclusions should be made as to the injunction. Farrell v. City of Ontario, 39 Cal.App. 351, 178 P. 740. Since the cause is reversed on other grounds, we will not discuss this phase further.

Assignments of Error, Nos. 7, 8, and 10 challenge Instructions Nos. 13, 15, 18 and 22. These instructions may be considered together. In effect, they tell the jury that whether respondents' plant constituted a nuisance depended upon its operation being reasonable under all circumstances, considering the location of the respective premises in connection with the respective dates of their occupancy and construction and operation by respondents and appellants; that appellants, in effect, moved into the industrial neighborhood when the phosphate fertilizer plant was in operation, though later enlarged; and appellants had full knowledge of the situation at the time they built their night club and remodeled their residence.

These instructions considered with Instructions Nos. 4, 5, 6, 7, 8, 9 and 10, of which no complaint is made and two of which were given at appellants' request, namely, 7 and 9, embodied the statutory definition of a nuisance, and fully elucidated the rights of a property owner to peaceful enjoyment of his property free from injurious interference by unreasonable odors, dust, smoke fumes or stenches, judged by common sense, not super-sensitive standards; inconsequentialness of the relative size or importance of the respective businesses (relative benefit or loss is a pertinent factor); and that modern construction, ap-

pliances or operation do not justify continuation of what is nevertheless a nuisance. That what is reasonable under all circumstances is the guiding criterion, considering the relative time of construction of the plant and the night club and what appellants knew or should have known of conditions when they built, and concomitant, but non-actionable incidents of an industrial neighborhood. These are all recognized guiding factors to be considered and weighed in determining what constitutes a nuisance, Lorenzi v. Star Market Co., 19 Idaho 674, at page 682, 115 P. 490, 35 L.R.A.,N.S., 1142; Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; Hansen v. Independent School Dist. No. 1, 61 Idaho 109, 98 P.2d 959; Rief v. Mountain States Tel. & Tel. Co., 63 Idaho 418, 120 P.2d 823; Cook v. Hatcher, 121 Cal.App. 398, 9 P.2d 231; Vowinckel v. N. Clark & Sons, 216 Cal. 156, 13 P.2d 733; McMullen v. Jennings, 141 Kan. 420, 41 P.2d 753; McGrath v. Basich Bros. Const. Co., 7 Cal.App.2d 573, 46 P.2d 981; Purcell v. Davis, 100 Mont. 480, 50 P.2d 255; Hassell v. City and County of San Francisco, 11 Cal.2d 168, 78 P.2d 1021; Powell v. Superior Portland Cement, 15 Wash.2d 14, 129 P.2d 536, at page 539(4); 66 C.J.S., Nuisances, § 8c, pp. 744–746; 167 A.L.R. 1378–1379; 39 Am.Juris. 473, Sec. 197, and therefore, the instructions were not incorrect.

Assignments of Error Nos. 14, 15 and 16 cover the refusal of requested Instructions Nos. 1, 7 and 9. Seven and nine were given and one is fully covered by Instruction No. 10, of which no complaint is made.

■ Respondents interposed seven affirmative defenses as follows:

First, that the plant was constructed and operated in an industrial area prior to the erection of appellants' night club; that the chief reason for the location of the fertilizer plant was its proximity to the Ft. Hall Indian Reservation containing the deposits of phosphate rock used by respondents; that the plant adjoined the Union Pacific Railroad right-of-way; and, in effect, that appellants "moved into the nuisance."

Second, respondents had reduced the amount of escaping smoke, vapors, dust, odors, fumes, etc., to a minimum and the residue escaping was inherent in, inseparable, and further ineradicable from the operation of the plant.

Third, that respondents were not negligent in the construction and operation of their plant; it was a lawful operation, and large sums had been invested therein.

Fourth, that the plant is located in an industrial and not a residential area, and reiterated the "moving in" feature by appellants.

Fifth, that the material prosperity of the area merited the development of the natural resources; and again emphasized lack of negligence on the part of respondents and that they exercised all available skill in the construction and operation of their plant.

Sixth, similar to the third and fifth. These were all factors, but not as such, singly or together, conclusive as above indicated.

Seventh, that appellants were engaged in an illegal business apparently on the theory they sold liquor and allowed gambling, contrary to law.

Appellants assign as error Instruction No. 16, the material part thereof stating the jury could—

"* * * take into consideration the fact of the state of the law at the time of the construction of said Club as to what could, or could not, be operated therein, and, therefore, establishing its market value at the time of its construction."

and Instruction No. 21, which reads as follows:

"You are instructed that if you find for the plaintiffs and against the defendant J. R. Simplot Company, as in these instructions defined, you should take into consideration the fact that, if it is a fact and you so find, that the Last Frontier Club had a special design and was constructed for the purpose of operating a particular type or kind of business and that type or kind of business cannot now, and could not at the time of the filing of this complaint, be operated by reason of the laws of the State of Idaho, then that fact must be taken into consideration by you in arriving at your verdict."

Appellants' Assignment No. 13 challenges Instruction No. 27, which, as pertinent, stated:

"* * *, if you should find that the defendants have proven by a preponderance of the evidence the essential allegations of their affirmative defense, or any or either of them, the material allegations of which were outlined to you in Instruction No. 1 herein, then that would be a complete defense to plaintiffs' complaint and your verdict should be for the defendants."

Instruction No. 27 was erroneous in telling the jury that if the defendants proved any affirmative defense, it would constitute a complete defense. As above indicated, that statement was incorrect as to the conclusiveness of the affirmative defenses, except illegality of operation.

Neither party presents any authorities on this phase of the controversy. (illegality), therefore, we have had to make an independent search for and an analysis of the authorities.

The mere fact that an illegal business may be conducted in a building, if the business does not have any inherent or direct connection with the structure, does not prevent the owner or occupant of the building from recovering for injuries by a nuisance to the structure or abating it. 1 C.J.S., Actions, § 13b (1), p. 1000; Lawrence v. Metropolitan Elevated R. Co., 126 N.Y. 483, 27 N.E. 765, 13 L.R.A. 102.

If the continued operation of the nuisance would further injure the structure, the nuisance may be abated by injunction.

■ On the other hand, damages may not be recovered for interference by a nuisance with an illegal business nor may such nuisance be abated. Deeds v. Strode, 6 Idaho 317, 55 P. 656, 43 L.R.A. 207; Lewis v. Brannen, 6 Ga.App. 419, 65 S.E. 189; Harper v. Grasser, 86 Wash. 475, 150 P. 1175; 1 C.J.S., Actions, § 13a, p. 999.

The evidence is inconclusive, indefinite, uncertain and vague as to when and for what period, if at all, appellants were operating illegally.

■ Instructions Nos. 16 and 21 did not distinguish between non-liability for injury by a nuisance to an illegal business, and liability for injury to a building in which an illegal business is conducted, as above differentiated.

Also, neither of these instructions, nor any other instruction, advised the jury what the law (which respondents' affirmative defense claimed appellants had violated) was, relative to appellants' operation, whereby the jury could determine whether any acts of appellants were illegal.

■■ It is axiomatic and fundamental the jury must take the law from the instructions given, and the instructions given must cover the issues. Axtell v. Northern Pacific Railway Co., 9 Idaho 392, 74 P. 1075; Soule v. First Nat. Bank, 26 Idaho 66, 140 P. 1098; Crossler v. Safeway Stores, Inc., 51 Idaho 413, 6 P.2d 151, 80 A.L.R. 463; French v. Tebben, 53 Idaho 701, 27 P.2d 474; Stearns v. Graves, 62 Idaho 312, 111 P.2d 882; Landholm v. Webb, 69 Idaho 204, 205 P.2d 507; Pearson v. City of Weiser, 69 Idaho 253, 206 P. 2d 264; Addy v. Stewart, 69 Idaho 357, 207 P.2d 498; Southeast Securities Co. v. Christensen, 70 Idaho 338, 218 P.2d 342; Lemman v. McManus, 71 Idaho 467, 233 P. 2d 410; Hayward v. Yost, 72 Idaho 415, 242 P.2d 971. Where an instruction is erroneous the complaining party need not request a correct one to preserve and present error. Clark v. Union Pac. R. Co., 70 Idaho 70, at page 74, 211 P.2d 402.

These instructions were prejudicial, because it is impossible to tell on what basis the jury rendered its verdict. Brown v. Hardin, 31 Idaho 112, 169 P. 293; Shallis v. Fiorito, 41 Idaho 653, 240 P. 932; Detroit Fire etc. Ins. Co. v. Sargent, 42 Idaho 369, 246 P. 311.

If damages adequately and completely compensate appellants for injury, past, present and future, both to their building and business and are so found and awarded, if they recover at all, then no abatement is justified. 66 C.J.S., Nuisances, §§ 111f, 116, pp. 876, 884; Pennsylvania Co. v. Sun Co., 290 Pa. 404, 138 A. 909, 55 A.L.R. 880; McGee v. Yazoo & M. V. R. Co., 206 La. 121, 19 So.2d 21, at page 25 (8); 39 Am.Jur. 426, § 157.

Inferentially, we call attention to the fact that a showing of loss of gross profits only, is insufficient to sustain an award for damages to a business. Williams v. Bone, Idaho, 259 P.2d 810, at page 812 (3).

The judgment is reversed and the cause remanded with instructions to grant a new trial in accordance with the opinion herein. Costs to appellants.

PORTER, C. J., and TAYLOR, THOMAS, and KEETON, JJ., concur.